21 So.2d 680

## BOBIE v. MOSS.

2 Div. 206.

Supreme Court of Alabama.

April 12, 1945.

Winston E. Brown, of Selma, for appellant.

562

Wilkinson & Wilkinson and Pitts & Pitts, all of Selma, for appellee.

STAKELY, Justice

This is an appeal from a final decree of the Equity Court refusing to cancel a deed. The deed was executed by Ella Kennedy on February 18, 1939, was recorded May 31, 1941, and conveys certain real estate in the City of Selma, Dallas County, Alabama, to Vinette S. Moss, with the reservation of a life estate in the grantor. The deed recites a consideration of Five Dollars ($5) and love and affection. The theory of the original bill is that the deed was never delivered and constitutes a cloud on the title of the grantor. The witnesses testified orally before the court and the court held that the deed was delivered and was valid.

The original bill was filed on June 17, 1941, by Ella Kennedy, the grantor in the deed. Ella Kennedy died on June 26, 1941. On July 31, 1941, the suit was revived in the name of Alberta Bobie, individually and as executrix of the last will and testament of Ella Kennedy, deceased. Thereafter the original bill was sought to be amended to show, among other things, a right of cancellation of the deed by reason of the alleged failure of Vinette S. Moss, the grantee in the deed, to support the grantor, it being alleged that a material part of the consideration for the deed was the agreement of the grantee to support the grantor during the lifetime of the grantor. The court sustained the demurrer to this feature of the amended bill. The question presented by this ruling constitutes the sole question on this appeal. (The original bill, omitting the ·exhibit attached thereto, and the proposed amendments thereof, appear in the report of the case.)

■ § 15, Title 20, Code of 1940, is as follows:

"Right to rescind conveyance made upon promise of support.—Any conveyance of realty, of which a material part of the consideration is the agreement of the grantee to support the grantor during life, is void at the option of the grantor, except as to bona fide purchasers for value, lienees, and mortgagees without notice, if, during the life of the grantor he takes proceedings in equity to annul such conveyance."

It is clear that the option given to the grantor by the statute must be exercised by the grantor during the life of the grantor by taking proceedings in equity to annul the conveyance. It is equally clear that when the option is exercised by the method prescribed by the statute during the lifetime of the grantor, the right of action, upon the death of the complainant, survives and may be revived. Heartsill v. Thompson, 245 Ala. 215, 16 So.2d 507.

■■ In the present case, the theory of the original bill is that the deed never had any effect because it was undelivered. Culver et al. v. Carroll, 175 Ala. 469, 57 So. 767, Ann.Cas.1914D, 103. It alleges that said deed "was never delivered by Complainant to Respondent, nor was anyone authorized to deliver said deed for Complainant to Respondent." It further alleges "that the delivery of said deed was a matter that rested in the discretion of Complainant."

The amendment to the bill set forth in Section 9 of the amended bill necessarily recognizes delivery of the deed because the statutory option to cancel implies a deed originally valid and effective. The original bill and Section 9 of the amended bill constitute bases of relief essentially dif-

ferent because the one is predicated on non-delivery of the deed and the other on delivery. Ella Kennedy did not in her lifetime seek to exercise the option granted by the statute. The bill she filed took a different course. The right to be exercised by her during her lifetime was personal to her. Heartsill v. Thompson, supra. It cannot now be exercised by her heirs, devisees or personal representative. The court correctly sustained the demurrer to Section 9 of the amended bill.

Affirmed.

GARDNER, C. J., and THOMAS and FOSTER, JJ., concur.