27 So.2d 17

CORNELIUS et al. v. WALKER et al.

6 Div. 418.

Supreme Court of Alabama.

June 27, 1946

J. T. Johnson, of Oneonta, for appellants.

B. M. Bains, of Oneonta, for appellees.

156

LAWSON, Justice.

M. A. Walker and his wife, A. J. Walker (appellees), filed a bill in equity against Ernest Cornelius and his wife, Estell Cornelius (appellants), to cancel a deed under the provisions of § 15, Title 20, Code of 1940.

The bill in substance avers: That on January 1, 1943, complainant (sic) was the owner and in possession of a certain parcel of land situated in Blount County; that on said date (January 1, 1943) complainants executed a deed to the respondents to the lands described "for the purpose of obtaining from the grantees their support during their life"; that complainants "have elected to, and hereby do, take proceedings to annul the said conveyance."

The prayer for relief was, in part, "that upon the final hearing of this cause this court will make and enter a decree cancelling and annulling the deed, copy of which is attached as Exhibit 'A' of this Bill of Complaint."

The pertinent provisions of the deed are as follows:

"Know All Men By These Presents: That for and in consideration of $1.00 Love & Affection Dollars, to the undersigned grantor M. A. Walker & Wife, A. J. Walker in hand paid by Ernest E. Cornelius & Wife, Estell Cornelius the receipt whereof is hereby acknowledged we do grant, bargain, sell and convey unto the said Ernest E. Cornelius & Wife, Estell Cornelius the following described real estate, to-wit: [Here follows a description of the property.]

"It is also understood & agreed that the said Ernest E. Cornelius and wife shall clothe and feed and care for the said M. A. Walker & wife, A. J. Walker as long as they live before this deed takes effect and if the said Ernest E. Cornelius and wife does (sic) not comply with this agreement then this deed shall become nullen (sic) and void and the said M. A. Walker do (sic) hereby except all the Pine timber on the first 80 acres described in this deed."

Respondents' demurrer to the bill was properly overruled. There were several grounds of demurrer but only one is here argued and that is that the bill fails to aver facts showing that the deed was executed in consideration of the promise of the grantees to support the grantors, or that any part of the consideration was for such purpose. Section 15, Title 20, Code of 1940, supra, is as follows: "Any conveyance of realty, *of which a material part of the consideration is the agreement of the grantee to support the grantor during life,* is void at the option of the grantor, except as to bona fide purchasers for value, lienees, and mortgagees without notice, if, during the life of the grantor he takes proceedings in equity to annul such conveyance." (Emphasis supplied)

We think that the averment in the bill that complainant executed the deed to the respondents "for the purpose of obtaining from the grantees their support during their life," is sufficient. Particularly is this true when the averment is considered in connection with the deed which, as before shown, was made an Exhibit to the bill and incorporated as a part thereof.

The pleading of complainants is aided by the exhibit thereto. Grimsley v. First Ave. Coal & Lumber Co., 217 Ala. 159, 115 So. 90, 91; Scott v. Scott et al., 242 Ala. 361, 6 So.2d 476; Polakow et al. v. Rumsey, 242 Ala. 365, 6 So.2d 477.

The answer of respondents as amended denies that complainant M. A. Walker at any time prior to the filing of the deed elected to take proceedings to annul the deed, but that said proceedings were instituted without the authority of the owner of the lands, the said M. A. Walker. Respondents make their answer a cross-bill, and in the cross-bill they assert a claim in the amount of $1,680 for the food, clothing, medical attention and personal services rendered by them to complainants. They also assert a claim in the amount of $250 for repairs and improvements made on the land and buildings thereon and a claim in the amount of $150 for services performed in connection with the clearing of additional land.

Complainants did not demur to the cross-bill but filed an answer thereto. In addition to denying the averments of respondents' cross-bill as to the value of the services, improvements and repairs alleged to have been performed by respondents, the answer of complainants to respondents' cross-bill contains the following averments:

"The complainants say that respondents had the use and occupation of all these lands for the year (sic) 1943 and 1944, and paid complainants no rents whatever of (sic) the use of said farm, which is worth in value more than all that the respondents furnished to complainants of every character.

"The respondents had the use of Complainants auto truck which was worth one hundred dollars, and used 34 bales of hay belonging to complainants, which was worth fifty dollars, which the complainants offer together with the reasonable value of the rents for the years of 1943 and 1944, as a Set-off against any claim respondents might have against the complainants, as claimed in their Cross-Bill, and ask judgment for the excess."

Treating the answer to the cross-bill as a cross-bill, a demurrer to it was overruled by the court, and it is insisted that there was error in doing so, for that it violates the principle that equity pleading does not countenance a cross-bill to a cross-bill.

This question was considered by us in the case of Maya Corporation v. Smith, 240 Ala. 371, 199 So. 549. In that case Leo K. Steiner was made a respondent to a cross-bill, and then he proceeded to file a cross-bill, in which he sought to bring in another party who was not a party to the cross-bill which he was answering, and which concerned a matter which was not involved up to that time in the litigation, and the question was whether such a cross-bill should be retained for the purpose of granting relief after the original bill and cross-bill had been dismissed. Two reasons were assigned for holding that such a cross-bill should not be retained for that purpose under those circumstances. One was that in general, a cross-bill to a cross-bill had no distinct place in equity practice so far as the court was able to find, referring particularly to § 6550 of the Code of 1923, which was there applicable. The second, that it was not an adjustment of equities between the parties to the first cross-bill. It is also true that at that time such section of the Code had been amended by Act No. 176, H. 279, approved March 1, 1937, Acts, Extra Session, 1936–37, p. 208. The amendment was not material in that controversy, nor is it here material; and it now appears in Rule 26 of Equity Pleading, Code 1940, Tit. 7 Appendix. It was also provided at the time the Maya Corporation case was considered, in § 6551, Code of 1923, that the cross-respondent could make answer to the cross-bill under the rules and regulations provided in that Chapter of the Code. That feature of § 6551 has also been brought forward into Rule 26.

It may be that the language used in the Maya Corporation case, supra, went beyond the necessities of the case, with respect to the office of a cross-bill to a cross-bill, because under §§ 6650 and 6651, now Rule 26, the cross-respondent could

158

probably make his answer to the cross-bill embrace all matters which were necessary for an adjustment of the equities between him and the cross-complainants, and if a cross-bill, so called, is necessary or appropriate for the purpose of adjusting those equities it would probably be within the authority of the broad terms of § 6551, now Rule 26, to be allowed because such would be the nature of the rules and regulations in respect to the answer of a defendant to an original bill. We said in the Maya Corporation case, supra, that such a cross-bill to a cross-bill could not be independently sustained if the other controversy had been settled when it was not an adjustment of the equities between the parties as to matters set forth in the first cross-bill.

We do not think it is of controlling importance whether the particular matter here set forth in the answer and cross-bill to the cross-bill be, to the extent of the relief sought, by way of an amendment to the original bill for that purpose or by way of making the answer a cross-bill for that purpose, especially in view of the provisions of § 6551 of the Code of 1923, as embraced in Rule 26.

■ The case of Maya Corporation v. Smith, supra, in this particular should be limited to the situation there disclosed and not made to apply where the effort of the cross-respondent is to have an adjustment between him and the cross-complainant in respect to matters set up in the first cross-bill. That idea was the prevailing thought in determining the question in Maya Corporation v. Smith, supra. It therefore appears that there was no error in overruling the demurrer to the cross-bill of complainants as incorporated in their answer to the first cross-bill.

Upon the conclusion of the testimony, taken ore tenus, the trial court rendered a decree cancelling and annulling the deed described and referred to in complainants' original bill. The relief sought by respondents in their cross-bill was denied and the cross-bill dismissed.

Respondents (appellants) contend that the trial court erred in vacating and annulling the deed. The basis of this insistence is that proceedings to annul a conveyance of realty, brought under the provisions of § 15, Title 20, Code of 1940, must be taken by the grantor; that the evidence in this case shows that M. A. Walker was the owner of the property here involved prior to the execution of the deed and was in fact the grantor therein; that the evidence further shows that the proceedings in the instant case were not "taken" by the said M. A. Walker but were in fact instituted by his wife, A. J. Walker.

■ We have carefully examined the testimony as it relates to the institution of this proceeding and are of the opinion that the trial court was justified in concluding that the proceedings were "taken" by M. A. Walker within the purview of § 15, Title 20, Code of 1940, supra. The trial judge had the witnesses before him, heard their testimony, and was in a position to observe their demeanor on the stand. We cannot say that the finding of the lower court was palpably wrong and so we follow the established rule that the conclusion of the lower court should not be disturbed. Bonds v. Bonds et al., 234 Ala. 522, 175 So. 561; Randolph v. Randolph, 245 Ala. 689, 18 So.2d 555. Our judgment, therefore is that the trial court did not err in annulling the deed.

Under their cross-bill, respondents sought to assert a claim for improvements and for the reasonable value of the support and services furnished by them to complainants under the terms of the deed. Complainants did not demur to the cross-bill thereby challenging the right of respondents to assert such claim. The trial court permitted respondents (cross-complainants) to show that they had made permanent improvements to the property and the value thereof but by repeated rulings refused to admit evidence offered by respondents (cross-complainants) for the purpose of showing the value of the support which they had rendered complainants, such as expenditures made for food, clothing, medical care and the value of personal services performed. Complainants were permitted to show the value of the use and occupation of the premises during the time it was occupied by the respondents

(cross-complainants). As before pointed out, the trial court denied the respondents (cross-complainants) the relief which they sought under their cross-bill and dismissed it. Evidently the trial court concluded that the value of the use and occupation of the premises was sufficient to offset the claim of respondents (cross-complainants) for the improvements made by them on the property.

Respondents (appellants) strongly contend that the trial court erred to a reversal in refusing to permit them to introduce evidence in support of that part of their cross-bill where they asserted a claim for support and services furnished complainants.

We are confronted, therefore, with this question: Can a grantee in a conveyance of realty, of which a material part of the consideration is the support and maintenance of the grantor, be compensated for expenditures incurred and services performed in caring for the grantor, where the grantor elects to annul the conveyance solely under the terms of § 15, Title 20, Code of 1940?

The question has not been definitely answered by this court. However, the trial court in refusing to permit the introduction of such evidence expressed the opinion that the case of Clyburn v. Toney, 245 Ala. 341, 17 So.2d 235, was decisive of the question. Counsel for complainants (appellees) seems to be of the opinion that not only Clyburn v. Toney, supra, but Heartsill et ux. v. Thompson, 245 Ala. 215, 16 So.2d 507, supports the ruling of the trial court.

The trial judge who presided at nisi prius in this case was also the trial judge in the case of Clyburn v. Toney, supra. An examination of the original record in that case shows that Toney, the respondent (cross-complainant), by cross-bill sought to recover for expenditures made by him in connection with the support of the grantor as well as for money expended in making permanent improvements on the premises. The complainant, Clyburn, answered the cross-bill and asserted a claim against the respondent (cross-complainant) for the use and occupation of the premises.

The trial court in its decree held: (1) That the complainant was entitled to the relief prayed for in her original bill, and annulled the deed; (2) that complainant was not entitled to recover her claim for rent or for the use and occupation of the premises; (3) that respondent (cross-complainant) was entitled to recover of complainant the value of the permanent improvements made by him upon the premises. and was entitled to reimbursement for taxes paid by him. Although the respondent (cross-complainant) asserted a claim for expenditures made in connection with the support of complainant and testimony was introduced in support of such claim, no reference was made thereto in the decree of the trial court. The appeal was not taken by Toney, the respondent (cross-complainant), and hence the trial court's failure to pass on his claim for expenditures made by him in connection with his support of the grantor was not presented to this court. The appeal to this court was by the complainant who here complained of the action of the trial court in allowing respondent's (cross-complainant's) claims for improvements made and taxes paid.

The opinion of this court in the case of Clyburn v. Toney, supra, merely held that the respondent's (cross-complainant's) claims for improvements and taxes were improperly allowed for the reasons set out: (1) As to the claim for the value of the improvements, it was held that the claim was stale and barred by the statute of limitations and arose before the deed in question was executed; (2) as to the claim for reimbursement for taxes paid, it was held that such claim was offset by the value of the use and occupation of the premises by the respondent (cross-complainant). As before stated, we do not think that the opinion of this court in the case of Clyburn v. Toney, supra, is in any way controlling of the question here considered.

The case of Heartsill et ux. v. Thompson, supra, does hold that a bill filed under the provisions of § 15, Title 20, Code of 1940, is not demurrable for the want of an offer to do equity but it most certainly does not hold that the grantee in such a deed has no rights growing out of the transaction. In fact, it strongly indicates to the contrary.

The general rule is that on rescission by a grantor of a conveyance made in whole or in part consideration for his support and maintenance, the grantee, having complied with the terms of the conveyance, is ordinarily entitled to be compensated for expenditures incurred and services performed in caring for the grantor. 12 C.J.S., Cancellation of Instruments, § 83, page 1101; 9 Am.Jur. 384, 385.

It is contended, however, that § 15, Title 20, Code of 1940, supra, is sui generis, and to apply the general rule to proceedings instituted under its provisions would completely emasculate its purpose, the protection of the aged, weak or afflicted.

██ With this contention we cannot agree. The grantor has his right to rescind. There are no strings attached. Although he does not have to offer to do equity in order to maintain his bill, nevertheless he is in a court of equity and we feel that an equity court having acquired jurisdiction of the subject matter and the parties, may proceed on proper pleading and proof to do full justice between the parties in regard to all matters growing out of the transaction brought before the court. To hold otherwise would accord to the lawmakers an intent to write a statute to prevent imposition on the grantor, but invite imposition on the grantee.' Heartsill et ux. v. Thompson, supra.

██ We hold, therefore, that the respondents (cross-complainants) having by cross-bill asserted a claim for expenditures incurred and services performed in caring for the grantor, should have been permitted to introduce evidence in support of such claim. We cannot say that if such evidence had been admitted that the trial court would have concluded that the value of the use and occupation of the premises by respondents (cross-complainants) offset their claim for support and services furnished as well as their claim for improvements.

Reversed and remanded.

FOSTER, LIVINGSTON, SIMPSON and STAKELY, JJ., concur.

GARDNER, C. J., and BROWN, J., dissent.

GARDNER, Chief Justice (dissenting).

Speaking of the history of this statute, it was observed in Bush v. Greer, 235 Ala. 56, 177 So. 341, 342, that the "books abound with cases where the aged, weak, or afflicted had improvidently executed conveyances upon the promise of support," frequently resulting in fraud and injustice; often, however, difficult of proof. The grantor was led into the transaction by the tempting promise of food and shelter. This the lawmakers considered a growing evil, and the statute in question was passed as declaratory of a public policy.

The grantee in such a conveyance, therefore, accepts it with the limitations of the statute written into it, and with full knowledge of the right of the grantor and the consequent defeasible character of the instrument.

As to matters of food, clothing, and care, therefore, I am of the opinion the grantee, taking the property with the full knowledge of the statutory right of cancellation, is not entitled to any reimbursement therefor.

But as to improvements made which were rendered reasonably necessary for the proper use of the property, the grantee being free from fault, I entertain the view that a court of equity would properly allow reimbursement therefor. This, it is to be observed, is confined to those improvements which are reasonably necessary for the proper use of the property and no more. I interpret the ruling of the court below as allowing the cross-complainant reimbursement for permanent improvements thus rendered reasonably necessary, but that such expenditures were offset by the rental value during the years. There was no allowance for food, clothing, and care.

With the conclusion thus reached by the trial court I find myself in accord, and would therefore affirm the decree.

BROWN, J., concurs in these views.