30 So.2d 669

### FREEMAN v. FREEMAN.
#### 6 Div. 537.

Supreme Court of Alabama.
May 22, 1947.

Rehearing Denied June 12, 1947.

Alton M. Blanton and Arthur Fite, both of Jasper, for appellant.

Kilpatrick & Entrekin, of Cullman, for appellee.

BROWN, Justice.

The bill in this case was filed by the mother against her son to rescind and cancel a conveyance made by her upon promise of support under the provisions of §

15, Title 20, Code of 1940. The deed, copy of which is attached as an exhibit to the bill, purports to have been executed on the 7th of November, 1940.

The bill alleges inter alia "that a material part of the consideration of said deed was the promise of the respondent to take care of complainant and support her for the remainder of her life. Complainant avers that the respondent has failed to carry out the terms of the agreement as to her support which formed a material part of the consideration for said deed; and complainant hereby elected to avoid said deed and have the same set aside and held for naught as provided by the Code of Alabama, 1940, Title 20, Section 15, and have the title to her said property revested in herself."

The copy of the conveyance attached recites, "That Margaret Freeman, a widow, for and in consideration of the sum of Assumption of mortgage to Earney Bland for $116.93 Dollars, on said land and other valuable considerations to me in hand paid by Riley L. Freeman the receipt whereof is hereby acknowledged, I have this day granted, bargained, sold, etc."

There is an absence of allegation in the bill that any part of the mortgage indebtedness has been paid by the defendant or that any cash consideration was paid by the defendant to the complainant.

The bill was amended by adding the following allegations as paragraph 4: "Complainant avers that the Respondent has had all rents and profits derived from the said 120 acres of land as described in the deed since the date thereof, and she avers that the rent of the land for the 5 or 6 years is of greater value than the mortgage which the deed shows Respondent assumed as part of the consideration for said instrument, and that an accounting by the Respondent would more than offset the small sum of money involved in the payment of the mortgage; and Complainant suggests to the court an accounting from Respondent for rents and profits he has derived from the use of the land, and Complainant offers to do equity in the premises and abide by the lawful orders of this court."

The defendant demurred to the bill assigning as grounds, among others, that the "amended bill has no equity; there was valuable consideration for the execution of the deed referred to and the bill as amended does not offer to refund consideration paid, with the interest thereto." And that "no facts are alleged showing that defendant is chargeable with rents or profits from the land described in the bill" and some other special grounds of demurrer to parts of the bill as amended. The court overruled the demurrer and from that decree this appeal was taken.

It is well settled that a grantor in such circumstances may elect to rescind such conveyance without alleging fraud and it is not necessary for the bill to offer to do equity, although in the instant case it does.

In general if the defendant has kept his promise of support and has any just claim it should be presented by cross-bill. Cornelius et al. v. Walker et al., Ala. Sup., 27 So.2d 17;[1] Clyburn v. Toney, 245 Ala. 341, 17 So.2d 235. However, in the instant case, in view of the bill's offer to do equity accompanied by a prayer for an accounting such "just" claim may be presented by answer.

The ruling of the court was free from error.

Affirmed.

GARDNER, C. J., and FOSTER, LIVINGSTON, LAWSON and STAKELY, JJ., concur.

---

[1] 248 Ala. 154.