45 So.2d 161

**PETTY et al. v. CHAMBERLAIN.**

I Div. 377.

Supreme Court of Alabama.

March 23, 1950.

454

J. B. Blackburn, of Bay Minette, for appellants.

H. M. Hall, of Bay Minette, for appellee.

SIMPSON, Justice.

The bill in this case was filed by appellee against appellants to rescind and cancel a conveyance made by her upon the promise of support from appellants. Code 1940, Title 20, § 15.

The appellants, who were the grantees in the deed, answered by cross bill, and averred a bona fide execution of their agreement by virtue of which they had expended sums of money for the care and support of appellee, including doctors' bills, and that they had also expended certain sums of money on the property for permanent improvements. The cross bill prayed for a reference to the register to determine the value of such expenditures and for reimbursement of such amount as was found just.

The cause was submitted for final decree on the demurrer to the cross bill and on other pleadings and the evidence, and

on consideration the trial court sustained the demurrer, holding the cross bill to be without equity, and awarded appellee a full rescission without the right on the part of the grantees in the deed to any reimbursement.

The effect of the holding was to ignore the rule of our cases and to allow a rescission under the statute by a grantor in such a conveyance, regardless of any unconscionable conduct on his part and regardless of how well the grantee may have performed his duties under the agreement or the expense he might have undergone to that end. This is not the law.

 The rule is that where a grantor rescinds a deed, of which the material part of the consideration is support and maintenance, the grantee having complied with the terms of the conveyance, may be compensated for reasonable expenditures and services performed in caring for the grantor and for the value of such reasonable permanent improvements to the property as have been made as in equity and good conscience might appear to be just. Cornelius v. Walker, 248 Ala. 154, 27 So. 2d 17; Freeman v. Freeman, 249 Ala. 255, 30 So.2d 669.

Even though the statute which permits a rescission at will of the grantor is *sui generis,* this court on a careful consideration in Cornelius v. Walker, supra, concluded that, since the plaintiff in such case was in a court of equity, on proper pleading and proof, it was the duty of the equity court "to do full justice between the parties in regard to all matters growing out of the transaction brought before the court" [248 Ala. 154, 27 So.2d 21] and that "to hold otherwise would accord to the lawmakers an intent to write a statute to prevent imposition on the grantor, but invite imposition on the grantee." The principle is embedded in our jurisprudence and the court is not now disposed to depart from it.

The trial court seems to have been imbued with the impression that harm might sometimes be worked upon a grantor and that the rule should not prevail. We think the equities are to the contrary and that a wise chancellor, invested with broad equity powers, can do full justice between the parties, including the case here under review.

The rule is in harmony with that of other jurisdictions. 9 Am.Jur. 384, § 39; 12 C.J.S., Cancellation of Instruments § 83, p. 1101; Pomeroy, Eq.Jur., 5th Ed., Vol. 2, pp. 79 et seq., § 393b; 112 A.L.R. 717.

Therefore, the decree sustaining the demurrer to the cross bill and granting rescission without considering the matter of equitable reimbursement on the part of the plaintiff will be reversed and the cause will be remanded for consideration of the whole case, including that made by the cross bill. A decree will here be rendered overruling the demurrer to the cross bill, which will leave the case at issue on the bill and the answer and cross bill.

Some argument is made that we might here render a final decree on the evidence in the record, but we are not so disposed. The matter should first have consideration at nisi prius. Box v. Box, Ala. Sup., 45 So.2d 157;[1] Loudonville Mill Co. v. Davis, 251 Ala. 459, 464, 37 So.2d 659, 663.

Reversed, rendered, and remanded

BROWN, FOSTER, LAWSON, and STAKELY, JJ., concur.