74 So.2d 440

Warren H. GARTHRIGHT, Alias White, et al.

v.

Duncan WILSON.

5 Div. 558.

Supreme Court of Alabama.

Aug. 30, 1954.

2. Ante, p. 234.

Jos. J. Mullins and Lawrence F. Gerald, Jr., Clanton, for appellants.

Omar L. Reynolds, Reynolds & Reynolds, Clanton, for appellee.

LIVINGSTON, Chief Justice.

Tit. 20, § 15, Code of Alabama 1940, provides:

"Right to rescind conveyance made upon promise of support.—Any conveyance of realty, of which a material part of the consideration is the agreement of the grantee to support the grantor during life, is void at the option of the grantor, except as to bona fide purchasers for value, lienees, and mortgagees without notice, if, during the life of the grantor he takes proceedings in equity to annul such conveyance."

Invoking the provisions of the foregoing statute, Duncan Wilson instituted proceedings in the Circuit Court, in Equity, of Chilton County, Alabama, against Warren H. Garthright, alias Warren H. White, William Cecil White, Mary Ellen White, John Harmon Logan and Teresia Velma Logan

The bill of complaint, as amended, alleges that complainant, appellee, 67 years of age and crippled, conveyed to respondents, John Harmon Logan and wife, Teresia Velma Logan, certain described real estate upon the agreement of said grantees to support complainant for the remainder of her natural life. Prior to the execution of said deed, in 1946, complainant had engaged the Logans for aid, care and companionship. The deed, identified as Exhibit "1," contained the express provision that "The consideration of this deed is the support of the grantor." Execution and recordation thereof occurred on July 30, 1946. It is alleged that on May 16, 1947, complainant again conveyed to respondents, John Harmon Logan and Teresia Velma Logan, the same real estate, under a deed identified as Exhibit "A." The latter deed, also, was recorded on the day of its execution. It is further alleged that all or a material part of the consideration of the second deed was the verbal promise of respondents, Logans, to care for and support complainant for her lifetime.

The bill alleges that after the execution of said deeds the Logans continued to reside in complainant's home, helped, aided and supported her. However, it is alleged that on or about September 25, 1948, John Harmon Logan and Teresia Velma Logan executed and delivered a warranty deed conveying the same property to respondents, Warren H. Garthright, alias Warren H. White, and William Cecil White. That deed, identified as Exhibit "B," was recorded on September 27, 1948. The bill avers that the Logans remained on the premises until the month of November, 1948, when William Cecil White and his mother, Mary Ellen White, moved into the dwelling house with complainant. For the execution and delivery of the first two deeds to the Logans, it is averred that no monetary or other consideration of value moved to complainant from said grantees other than the promise to aid, care for and support the grantor during her lifetime. Furthermore, for the execution and delivery of the deed from the Logans to respondents, Garthright and White, it is stated that no monetary or other valuable consideration moved from the latter grantees to complainant, except a like promise from Garthright and William Cecil White to aid and care for appellee. Also, the bill alleges that at the time of the execution of the deed from respondents, Logans, to respondents, Garthright and White, said grantee respondents were aware of complainant's right and interest in the premises. Complainant avers that respondents, Garthright and William Cecil White, have failed to carry out the terms of their agreement as to her support, a material part of the consideration for the third deed, and that latter respondents' treatment of her has not been good. Complainant states that she, therefore, elects to avoid all three deeds, to have them set aside and cancelled under the provisions of Tit. 20, § 15, supra, and to have the title to said property reinvested in herself. In addition to a prayer for general relief, complainant also

prays for remedial writs necessary to oust respondents, and to place her in sole possession.

Respondents Warren H. Garthright, William Cecil White and Mary Ellen White demurred to the amended bill as a whole, to the portion which seeks cancellation of the deed described as Exhibit "1," to the portion which seeks to cancel the deed described as Exhibit "A," and to the portion which seeks cancellation of the deed described as Exhibit "B."

Thereafter, complainant again amended her bill by striking Mary Ellen White as a party respondent. Garthright and William Cecil White then refiled their demurrers.

Demurrers were overruled by the trial court. This appeal is taken from said ruling.

Appellants contend that on the date of the execution of the second deed to the Logans the only property right then in complainant, appellee, was a statutory right to go into equity court and have the first deed set aside. Also, appellants argue that we must give effect to the second deed as conveying said right, which appellee now seeks to assert. It is stated that appellee, owning no right in or to the property, was not entitled to receive any consideration for the deed executed by respondents, Logans, to appellants, Garthright and White, and that any promise that Garthright and White made to appellee was, therefore, wholly without consideration.

Said argument, in our opinion, clearly is without merit. The grantor's right to rescind, under Tit. 20, § 15, supra, is a personal right, not a property right, and is not transferable until the grantor has elected to rescind during his lifetime and has taken proceedings in equity to annul the conveyance. Petty v. Hall, 257 Ala. 145, 57 So.2d 620. Once the grantor has a suit pending in equity to effect a rescission, the right ceases to be personal and thereby becomes a property right which may be conveyed by the grantor in his lifetime.

Petty v. Hall, supra. In the instant case, however, complainant, appellee, never filed any such proceedings in equity to rescind prior to the bill upon which this appeal is based. All three deeds involved were executed long before any bill was filed under the provisions of Tit. 20, § 15, supra. Therefore, at the time of the execution of the second deed, appellee could not have conveyed to the Logans her *personal right* to rescind.

Appellants rely upon Hughes v. Duke, 251 Ala. 220, 36 So.2d 300, for reversal. In that case, Mrs. Duke owned Lot 10 in Crenshaw County and 54½ acres in Covington County. She first conveyed said lands to her daughter by the execution and delivery of a warranty deed. The deed specifically stated that part of the consideration therefor was the promise of the grantee to "care for, maintain and support the grantor" during her natural life. Thereafter, the grantor again executed and delivered to the same daughter another warranty deed, embracing exactly the same lands. In the second deed, however, support of the grantor was not mentioned as any part of the consideration. Furthermore, the bill in that case failed to allege any such consideration for the execution of the second deed. A third warranty deed was also executed by the grantor to the same 54½ acres, conveying said land to her son, with no reference to support of grantor by grantee. The grantor sought to cancel the second deed to the daughter. We held that the grantor, by the execution and delivery of the second warranty deed to the daughter, had parted with her entire property right in Lot 10 and said 54½ acres. Thus, complainant, grantor, was held estopped as against the daughter to maintain the aspect of the bill which sought to cancel the second deed.

We are in full accord with the holding of Hughes v. Duke, supra. However, that case cannot be regarded as authority for reversal of the instant case. Here, the bill, as amended, affirmatively states that all or a material part of the consideration for the second deed to the Logans was the prom-

ise of said Logans to care for and support the grantor for the remainder of her natural life. In short, the second deed in the present controversy is made subject to Tit. 20, § 15, supra. Therefore, it was defeasible and subject to possible rescission from the moment of its inception. Clearly, such was not the case in Hughes v. Duke, supra. There, the second warranty deed to the daughter was not made subject to the statute by the pleadings. In the latter instance, no part of the consideration for the second deed concerned support of the grantor. Mrs. Duke's second deed was indefeasible, and Tit. 20, § 15, supra, did not apply. Mrs. Duke intended to and did divest herself of her entire property right. Thus, the doctrine of estoppel was correctly held to apply.

It should be noted that Tit. 20, § 15, supra, refers to *any conveyance* of realty "of which a material part of the consideration is the agreement of the grantee to support the grantor during life." Therefore, it is of no importance that appellee's second deed to the Logans concerned exactly the same land and parties as did her first deed of July 30, 1946. See Heartsill v. Thompson, 245 Ala. 215, 16 So.2d 507.

█ The bill, as amended, states that appellant grantees "were aware of complainant's right, title and interest in the premises and the defeasible character of the deed * * * and accepted their deed from said Logans well knowing of the promise of said Logans to support * * complainant for her natural lifetime." Consequently, it is manifest that appellants cannot be regarded as bona fide purchasers without notice. To the contrary, they are clearly within the purview of Tit. 20, § 15, supra.

We are of the opinion that the circuit court did not err in overruling demurrers to the bill, as amended. Its decree thereon must be and is hereby affirmed.

Affirmed.

LAWSON, STAKELY and MERRILL, JJ., concur.