81 So.2d 531

**Odus HIPP, Adm'r,**

v.

**Luther Lee McMURRY et al.**

6 Div. 659.

Supreme Court of Alabama.

June 16, 1955.

Leland Randall, Oneonta, and Geo. D. Finley, Birmingham, for appellees.

Hugh A. Nash, Oneonta, for appellant.

**LAWSON, Justice.**

According to the record before us, the original bill was filed in the circuit court of Blount County, in equity, on March 24, 1950, by Rollie A. Hipp against Odus Hipp, sometimes referred to in the record and in briefs as Otis Hipp, but we will use hereafter the name set out in the caption to the bill.

The purpose of that bill was to secure a decree declaring void a deed which the complainant, Mrs. Rollie A. Hipp, executed on or about June 20, 1934, wherein she conveyed to her son Odus approximately seventy acres of land situate in Blount County for a consideration of five dollars and the grantee's agreement "to take care of the grantor during her natural life."

On April 26, 1950, upon the suggestion of the death of Mrs. Rollie A. Hipp, and on motion, the trial court entered an order reviving the cause in the name of Luther Lee McMurry, William W. McMurry and Nova Jane Kennedy, all of whom are children of the original complainant born to her prior to her marriage to the father of Odus Hipp.

Thereafter the bill was amended by making Odus Hipp a party respondent in his capacity as administrator of the estate of Mrs. Rollie A. Hipp. Marvin Hipp, a brother of Odus Hipp and a half-brother of the substituted complainants, was also made a party respondent. The amended bill averred that the parties to the suit constituted all the heirs of Rollie A. Hipp, deceased.

A decree pro confesso was taken against Marvin Hipp.

Odus Hipp filed an answer in his representative as well as in his individual capacity.

The answer of Odus Hipp was made a cross bill and it was averred therein that cross-complainant had performed his agreement to support his mother and that in doing so he had expended large sums of money for her care and support and that he had spent certain sums of money in making permanent improvements on the property. The cross bill prayed that the trial court ascertain the value of such expenditures made by the cross-complainant and make any decree that might be rendered cancelling the deed contingent upon the payment to cross-complainant by cross-respondents of the sum so ascertained. It was also alleged in the cross bill that on the night that Mrs. Rollie A. Hipp died the cross-respondent Mrs. Nova Kennedy removed from the premises of cross-complainant certain articles of personal property which belong to him, as well as other items of personal property which belong to the estate of Rollie A. Hipp, deceased, and that the said Nova Kennedy refuses to return such property after demand. The cross bill prays that Nova Kennedy be required to return the personal property so removed or pay therefor.

The cross-respondents filed an answer to the cross bill wherein they averred that any claim which cross-complainant might have for money expended in support of his mother and in the making of permanent improvements to the suit property is more than offset by money which cross-complainant owes the estate of his mother for rent or for the use and occupation of the premises.

The cause was submitted for final decree on the pleadings to which we have referred above and on the testimony noted by the register, which testimony was not taken orally before the trial court.

The trial court decreed substantially as follows: 1. The deed from Rollie A. Hipp to Odus Hipp was declared null, void and of no present effect. 2. That Odus Hipp is entitled to the sum of $2,000 for his services to his mother and expenditures made on her behalf and for improvements placed by him on the suit property after the execution of

the deed and prior to the time this suit was filed; that "said sum shall be and constitute a lien on the premises superior to all other liens or claims except taxes and costs." 3. "It is further Ordered, Adjudged, and Decreed by the Court that other questions raised in the Cross-Bill as to personal property are not adjudged herein but that the Cross-Bill as to same be and it is dismissed without prejudice."

After his application for rehearing was overruled, Odus Hipp appealed to this court.

The allegations of the original bill, as well as those of the amended bill, bring this case within the provisions of § 15, Title 20, Code 1940, which reads:

> "Any conveyance of realty, of which a material part of the consideration is the agreement of the grantee to support the grantor during life, is void at the option of the grantor, except as to bona fide purchasers for value, lienees, and mortgagees without notice, if, during the life of the grantor he takes proceedings in equity to annul such conveyance."

■ We have said that the statute just quoted is *sui generis*. The option there given becomes a matter of right if exercised in the statutory manner. Heartsill v. Thompson, 245 Ala. 215, 16 So.2d 507. See Walker v. Walker, 261 Ala. 168, 73 So.2d 522.

■ The right to rescind, which the grantor has in a conveyance subject to the provisions of § 15, Title 20, supra, is a personal right, not a property right, and is not transferrable until the grantor has elected to rescind during his lifetime and has taken proceedings in equity to annul the conveyance. Petty v. Hall, 257 Ala. 145, 57 So.2d 620.

■ But where the grantor in his lifetime has elected to rescind during his lifetime and has filed his bill in equity to accomplish that purpose, the right ceases to be personal and becomes a property right. Petty v. Hall, supra; Garthright v. Wilson, 261 Ala. 302, 74 So.2d 440.

■ It has been held by this court that when such a grantor has a proceeding in equity to annul the conveyance and dies before there is a final decree in that cause, the right descends to his heirs and they may revive it in their names and prosecute it to a conclusion. Petty v. Hall, supra, and cases there cited.

■■ Our view of the evidence is that Mrs. Rollie A. Hipp, although in advanced years and unwell, was fully cognizant of the effect of the suit filed in her name against her son Odus on March 24, 1950, and that it was not a result of undue influence exerted over her by the appellees.

The trial court did not err in decreeing the deed under date of June 20, 1934, to be null, void and of no present effect. § 15, Title 20, Code 1940.

Appellant argues that the trial court was in error in not allowing him more than $2,000 for his services to his mother and expenditures made by him on her behalf and for permanent improvements placed by him on the property conveyed to him in the deed which the trial court declared void.

■■ The rule is that where a grantor rescinds a deed, of which a material part of the consideration is support and maintenance, the grantee, having complied with the terms of the conveyance, may be compensated for reasonable expenditures and services performed in caring for the grantor and for the value of such reasonable permanent improvements to the property which the grantee has made which in equity and good conscience appear to be just. Petty v. Chamberlain, 253 Ala. 453, 45 So. 2d 161. In Cornelius v. Walker, 248 Ala. 154, 27 So.2d 17, we held that although a complainant in a suit of this kind does not have to offer to do equity in order to maintain his bill, nevertheless a court of equity on proper pleading and proof may proceed to do full justice between the parties in regard to all matters growing out of the transaction brought before the court.

■ The record before us is voluminous. Most of the testimony adduced is concerned

**16**

with the appellant's claim for reimbursement. As shown above, the testimony was not taken ore tenus, hence we indulge no presumption as to findings of fact. It is our duty to sit in judgment on the evidence. Butler v. Guaranty Savings & Loan Association, 251 Ala. 449, 37 So.2d 638. And in sitting in judgment on the evidence in this case, we have been confronted with the problem of ascertaining that part of the evidence offered which, under existing laws, we may consider in determining the rights of the parties under the pleadings. Redwine v. Jackson, 254 Ala. 564, 49 So.2d 115. We must consider only such testimony as is relevant, material, competent and legal. Rudicell v. Rudicell, Ala., 77 So.2d 339;[1] Code 1940, Title 7, § 372(1), 1953 Cum. Pocket Part, Vol. 2, p. 71; General Acts 1943, p. 105. In briefs filed here no effort has been made by counsel for either side to pick out the good from the bad, to separate the wheat from the chaff, and there is much of the latter.

We will not undertake to set out the evidence which we think is properly considered in connection with appellant's claim for reimbursement. It has been considered in consultation with care. We are of the opinion, after a very careful analysis of the record before us, that the amount allowed to appellant by the trial court is reasonable and does justice between the parties.

The trial court did not err in refusing to pass on the controversy in regard to the personal property, since that controversy did not relate to the original bill nor grow out of the transaction which the original bill brought before the court. Ex parte Arrington, 259 Ala. 243, 66 So.2d 96, and cases cited.

The appeal was taken from the final decree only, as was proper. But there is an assignment of error challenging the action of the trial court in overruling appellant's application for rehearing. The decree overruling the application for rehearing is not subject to review by assignment of error made on appeal from the final decree. Whitman v. Whitman, 253 Ala. 643, 46 So.2d 422; McNeil v. Hadden, 261 Ala. 691, 76 So.2d 160.

The decree is affirmed.

Affirmed.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.