ALMON, Justice.
Helen Burns Frost brought an action against Eagle Sales and Manufacturing Company, Inc., Jim Johnston, and Billy Johnston, alleging fraud and seeking damages for money had and received. The jury returned a verdict in favor of Frost for $15,000 and the trial court entered judgment on the verdict. Billy Johnston filed a motion for new trial. The trial court denied the motion and Johnston, represented by new counsel, appeals.
Johnston first argues that the trial court erred in denying his motion for new trial on the ground that counsel for Frost improperly commented on the wealth or poverty of Johnston during closing arguments.
The record presented to this Court for review does not contain a transcript of the closing arguments but contains only the following concerning closing argument:
“THE COURT: All right. Ladies and gentlemen, you have heard all of the testimony in the case, and now the attorneys will argue to you inferences they have gained from that testimony which you should listen to but use your common sense and your recollection of the evidence in deciding what you will accept and what you will reject.
“The Plaintiff’s attorney, Mr. Rosser, will open and close and Mr. Odem, for the Defendant, will have his entire argument during the middle of those.
“All right. Mr. Rosser.
“(Mr. Rosser made final argument. There were no objections.)
“THE COURT: Mr. Odem.
“(Mr. Odem made final arguments. . There were no objections.)
“THE COURT: All right. Mr. Rosser.
“(Mr. Rosser made final argument. There were no objections.)”
*529 Because there is no record of the allegedly improper statement, this issue presents nothing for this Court to review.
Johnston next contends that the trial court erred in refusing to grant his motion for new trial on the ground that “the evidence presented in the case totally failed to show that Billy Johnston was guilty of any willful or wanton conduct such as to merit an award of punitive damages against him.” This issue was not raised in Johnston’s motion for new trial. It is axiomatic that the trial court may not be put in error for failure to rule on a matter which was not presented to it or decided by it. See, e.g., City of Rainbow City v. Ramsey, 417 So.2d 172 (Ala.1982). Therefore, this issue presents nothing for review.
Johnston finally argues that the trial court erred in failing to grant his motion for new trial on the ground that the verdict form presented to the jury was improper. This issue also was not raised in Johnston’s motion for new trial. Therefore, it presents nothing for review. Ramsey, supra.
There being no reversible error shown, the judgment of the trial court is affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ADAMS and STEAGALL, JJ., concur.