This appeal arises from an action to set aside a deed that allegedly had as its consideration the grantee's promise to support the grantor during her life. A jury rendered a verdict in favor of the grantor, and the trial court set the deed aside.
The primary issue on this appeal is whether the grantor was entitled to have the deed declared void pursuant to Code 1975, § 8-9-12, on the basis that a material part of the consideration was an agreement to support her during her life. A second issue is whether the grantee was entitled to a new trial on the ground that the verdict of the jury was inconsistent.
Code 1975, § 8-9-12, states:
 "Any conveyance of realty wherein a material part of the consideration is the agreement of the grantee to support the grantor during life is void at the option of the grantor, except as to bona fide purchasers for value, lienees and mortgagees without notice, if, during the life of the grantor, he takes proceedings to annul such conveyance."
In 1975, Rosia Lee Jones ("Rosia Lee") became acquainted with C.L. Kirkpatrick when he assisted her in various matters after her son had died. Kirkpatrick assisted Jones in obtaining the assets of her son's estate. In addition, Kirkpatrick assisted Jones in building a house. From 1975 until 1984 Kirkpatrick made various repairs to the house.
In 1984, at the age of 74, Rosia Lee conveyed her house to Kirkpatrick, while reserving to herself a life estate. In 1989, Rosia Lee sought to have this conveyance set aside under Code 1975, § 8-9-12, on the basis that a material part of the consideration was a promise of support. The deed does not contain any provision stating that Kirkpatrick is to support Rosia Lee during her lifetime. However, Rosia Lee testified that Kirkpatrick agreed to take care of her if she needed help and that she had agreed that, in exchange for his help, he could have the property at her death. Further, she testified that the deed was to contain a provision that her heirs could purchase the property at her death if they wished to do so. The jury returned a verdict in favor of Rosia Lee. The trial court denied Kirkpatrick's post-trial motion for new trial or, in the alternative, a judgment notwithstanding the verdict. Kirkpatrick appeals from the judgment for Rosia Lee.
In Alabama, a jury verdict is presumed correct and will not be disturbed on appeal unless it is plainly erroneous or manifestly unjust. Sanders v. Roberts, 563 So.2d 1022 (Ala. 1990); Kabel v. Brady, 519 So.2d 912 (Ala. 1987). This presumption is further strengthened by the trial court's denial of a motion for a new trial. Davis v. Ulin, 545 So.2d 14 (Ala. 1989); Alpine Bay Resorts, Inc. v. Wyatt, 539 So.2d 160 (Ala. 1988). Thus, our review of this case is limited to whether the jury verdict was plainly erroneous or manifestly unjust.
The deed does not contain a provision that states that Kirkpatrick was to provide support and maintenance for Rosia Lee during her lifetime. It merely shows that Rosia Lee conveyed the property to Kirkpatrick while reserving a life estate for *Page 830 
herself and an option to purchase for her heirs and that the conveyance was in exchange for "Ten dollars and other good and valuable consideration." However, parol evidence is admissible to show that the actual consideration for the execution of the deed was the promise on the part of the grantee to support the grantor during her life. Stewart v. Dickerson, 455 So.2d 809
(Ala. 1984); Entrekin v. Entrekin, 388 So.2d 931 (Ala. 1980); and Walker v. Walker, 256 Ala. 195, 54 So.2d 281 (1951). This is true in cases such as this one, where the parol evidence will not contradict a written statement purporting to set the full consideration. Posey v. Posey, 545 So.2d 1329 (Ala. 1989);Vaughn v. Carter, 488 So.2d 1348 (Ala. 1986), citing Isenhowerv. Finch, 278 Ala. 684, 180 So.2d 448 (1965); Grady v.Williams, 260 Ala. 285, 70 So.2d 267 (1953); and Dennis v.West, 248 Ala. 90, 26 So.2d 263 (1946). Ordinarily, the evidence that the agreement to provide support was a material part of the consideration for the deed must be clear, satisfactory, and convincing. Mullinax v. Mullinax,495 So.2d 646 (Ala. 1986). The appropriate standard to be applied here, however, is the "plainly erroneous/manifestly unjust" criteria we apply in reviewing jury verdicts.
Kirkpatrick testified that he gave Rosia Lee $2,300 for the house and promised to make any necessary repairs to the house during the time that Rosia Lee lived there. However, Rosia Lee testified:
 "A. This is the way I approached him [Kirkpatrick]: I said I want you to pay all my bills, and I will try to make it myself. And he hesitated and then later he called me on the phone and said that he decided to take me up on my offer.
 "Q. What was the agreement as far as [you] understood?
 "A. The agreement was that Kirk would take care of all of the big bills and me if I had to have it, and at my death the family would pay him for what I [he?] did. That is our agreement.
 "Q. You agreed to let him have the house if he would take care of you?
 "A. I said at my death. If the boys don't pay you off, I said the house will be yours. That is just the way I spoke."
Rosia Lee went on to testify that in 1984 she signed a paper that she thought evidenced this agreement between her and Kirkpatrick. She testified that she did not know that the paper she signed was a deed conveying her property to Kirkpatrick until she went to get a copy of her deed from the probate office and saw that it contained Kirkpatrick's name. She further testified that she asked Kirkpatrick to reconvey the land to her, but that he refused to do so. She said that it was upon his refusal that she decided she wished to have the deed conveying her house to Kirkpatrick revoked.
On review of a motion for a new trial, we must view the evidence in the light most favorable to the nonmovant; viewing the evidence in that light, we can not say that the jury was plainly erroneous or manifestly unjust in finding that the deed to Kirkpatrick was subject to being voided under the statute. There is evidence from which the jury could have found that an agreement for support was a major part of the consideration for the deed. Therefore, we affirm the judgment as to this issue.
Kirkpatrick also contends that the trial court erred in denying his motion for new trial based on his claim that the jury rendered an inconsistent verdict. The jury revoked the deed conveying Rosia Lee's property to Kirkpatrick; however, the jury declined to award Kirkpatrick any damages for his expenditures made on the behalf of Rosia Lee. Kirkpatrick asserts that, if the deed was correctly revoked under the statute, the jury should have reimbursed him for the expenditures he made on the behalf of Rosia Lee. In support of his argument he cites Cornelius v. Walker, 248 Ala. 154,27 So.2d 17 (1946), which, he argues, stands for the proposition that a grantee is always entitled to be reimbursed for expenditures made on the behalf of the grantor, if the grantor has the deed revoked. That case states, however, that, where a counterclaim for these expenditures has been filed, an equity court can not prevent the grantee *Page 831 
from introducing evidence of the expenditures.Cornelius further stated that, once a claim for reimbursement has been filed, the trial court should determine if the reimbursement of expenditures is to be allowed, and in what amount. Cornelius does not stand for the proposition that all expenditures made on the behalf of a grantor by the grantee should be reimbursed.
Even if Cornelius stood for what Kirkpatrick contends, he is barred from presenting this issue for our review. This issue was not raised in Kirkpatrick's motion for new trial. It is axiomatic that the trial court may not be put in error for failure to rule on a matter not presented to it or decided by it. Johnston v. Frost, 547 So.2d 528 (Ala. 1989); City ofRainbow City v. Ramsey, 417 So.2d 172 (Ala. 1982). Therefore, this issue has been waived.
Based on the foregoing, we affirm the judgment in this case.
AFFIRMED.
HORNSBY, C.J., and HOUSTON, KENNEDY and INGRAM, JJ., concur.