188 So. 909

**POLAUF et al. v. ETZEL.**

**I Div. 57.**

Supreme Court of Alabama.

May 11, 1939.

Beebe, Hall & Beebe, of Bay Minette, for appellee.

J. B. Blackburn, of Bay Minette, for appellants.

THOMAS, Justice.

The bill of complaint was drawn and prosecuted under Section 8046 of the Code. Under the application sought of this statute, the grantor and grantee only are involved, not the rights of third parties. The codification was to state the decisions of our courts as to cancellation of such conveyances and as affecting original

parties and privies, not bona fide purchasers. Such cases are sui generis. Phillips v. Sipsey Coal Mining Co., 218 Ala. 296, 305, 118 So. 513, 518, 522.

The recording of the conveyance, with the reservation, carried notice of its conditions, running with the land, and notified (Patterson v. Atlantic Coast Line R. Co., 202 Ala. 583, 81 So. 85) subsequent purchasers or mortgagees. Lewis v. Owen, 231 Ala. 480, 165 So. 229; Bank of Hartford v. Buffalow, 217 Ala. 583, 117 So. 183.

This statute has been recently applied in Bush et al. v. Greer, 235 Ala. 56, 177 So. 341, wherein it was stated that grantees in a deed conveying lands, in consideration partly of their agreement to support grantor for life, accept such conveyance with the statutory limitations written therein, and with a full knowledge of the grantor's rights and consequent defeasible character of such instrument, and that such provision did not affect the freedom of contract, as per the constitutional guaranty. West Coast Hotel Co. v. Parrish, 300 U.S. 379, 57 S.Ct. 578, 582, 81 L.Ed. 703, 108 A.L.R. 1330.

There was no error in overruling demurrer to the bill, and the decree of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.