6 So.2d 476

### SCOTT v. SCOTT et al.

7 Div. 693.

Supreme Court of Alabama.

Feb. 19, 1942.

Embry & Weaver, of Pell City, for appellant.

362

W. T. Starnes, of Pell City, for appellees.

THOMAS, Justice.

The bill sought to cancel a conveyance of land.

The decree was: "This cause coming on to be heard on demurrers of Respondents, H. L. McGill and Ethel Scott, and after argument by counsel and considerations by the Court, and the Court is of the opinion that the named respondent's demurrers to their aspect of the bill as amended seeking the cancelation of the mortgage transferred to Respondent McGill by Dr. W. A. Beason, under Title 20, Paragraph 15, page 77 of the Code of Alabama, be and the same are hereby sustained; that as the demurrer to the other aspects of the bill, said demurrer is overruled."

The assignment of error is that: "The trial court erred in sustaining the demurrer to that aspect of the bill which seeks the cancellation of the mortgage transferred from Beason to respondent McGill, * * *."

In City of Birmingham et al. v. Louisville & N. R. Co., 216 Ala. 178, 180, 112 So. 742, 743, it is declared:

"The demurrer of respondent was directed to the bill as a whole, and grounds thereof limited or directed to certain specified aspects of the bill. The decree overruled the demurrer to the bill as a whole, and sustained certain specific grounds of demurrer, and overruled others. The effect of such a decree on demurrer was discussed in Pollak v. Stouts Mountain Co., 184 Ala. 331, 63 So. 531; Id., 201 Ala. 700, 78 So. 990. This case was followed in Sandlin v. Anders, 210 Ala. 396, 400, 98 So. 299, 303, where it was said:

"'A decree sustaining a demurrer to a part of a bill has the effect of striking that part. The complainant may thereupon so amend the part stricken as to give the bill equity in that regard, or he may by express amendment, eliminate the portion stricken by demurrer, or, if the bill still contains equity, may proceed thereon without amendment as if the defective feature had been stricken on motion.'"

See, also, Oden v. King, 216 Ala. 504, 113 So. 609, 54 A.L.R. 1413; Rochell v. Oates, 241 Ala. 372, 2 So.2d 749.

■ The pleading of complainant is aided by the exhibits thereto. Grimsley v. First Ave. Coal & Lbr. Co., 217 Ala. 159, 115 So. 90.

The effect of the averments of the bill as amended are to show that appellant is entitled to relief under either of several aspects of the bill. Under the first aspect appellant seeks the cancellation of a certain deed executed by him to T. D. Scott and Ethel Scott in that a material part of the consideration for said conveyance was that said T. D. Scott and Ethel Scott agreed to support appellant for life, and that they have failed or refused so to do and that appellant is desirous of exercising his option to declare said deed void and of no effect.

To this phase of the amended bill the demurrer was overruled. Code 1940, T. 20, § 15.

Under another aspect of the bill, appellant says that T. D. Scott and Ethel Scott agreed to pay him as part consideration of said conveyance the sum of $750, as recited in said deed, and assumed to pay a mortgage to one Dr. Beason against the lands mentioned and described in the bill of complaint, and that they failed or refused so to pay and that appellant is entitled to a vendor's lien therefor.

Under another aspect of the bill, it is shown that appellant with sundry other persons executed a mortgage to one Dr. W. A. Beason for the sum of $1,120, payable in separate notes, the last of which became due October 10, 1937, which said mortgage was duly recorded in the Office of the Judge of Probate of St. Clair County at Pell City, Alabama. That after said mortgage was recorded on towit, February 19, 1940, the mortgagee Beason, long after the mortgage was due and payable, transferred it with the notes to one H. L. McGill, also a respondent, and that the said McGill is not an innocent purchaser for value of the mortgage and that the mortgage has not been foreclosed; that no other persons are interested in the property involved other than the parties to this cause.

The appellant also offers to redeem and says that before the filing of this suit he tendered the full amount due on said mortgage to McGill, who refused the same, and that appellant has at all times been ready, willing, and able to pay the amount necessary to redeem said lands from the operation of the mortgage.

The prayer is for a cancellation of the deed from W. R. Scott to T. D. Scott and Ethel Scott and is for a vendor's lien together with a prayer for general relief.

■ It is declared that grantors or transferees of conveyances of real estate accept the same within the limitations of the statutes. Under the instant statute, the right of the grantor to defeat the instrument is specifically stated. Code 1940, T. 20, § 15; Bush v. Greer, 235 Ala. 56, 177 So. 341.

■ It is further declared that one who takes a mortgage and note after maturity is not an innocent purchaser. Branscomb v. Federal Land Bank of New Orleans, 215 Ala. 242, 110 So. 42; 41 Corpus Juris, p. 679, § 718.

■ It results from the foregoing that the sustaining of the demurrer to the aspect of the bill indicated in the decree was error. Therefore, the decree of the circuit is reversed and the cause is remanded.

Reversed and remanded.

GARDNER, C. J., and FOSTER, J., concur.

BROWN, J., concurs in result only.