16 So.2d 507

**HEARTSILL et ux. v. THOMPSON.**

**3 Div. 404.**

Supreme Court of Alabama.

Jan. 20, 1944.

Calvin Poole, of Greenville, for appellants.

Powell & Hamilton, of Greenville, for appellee.

BOULDIN, Justice.

This appeal is from a decree overruling demurrers to a bill in equity as amended. The bill was filed under Title 20, § 15, of the Code, which reads: "Any conveyance of realty, of which a material part of the consideration is the agreement of the grantee to support the grantor during life, is void at the option of the grantor, except as to bona fide purchasers for value, lienees, and mortgagees without notice, if, during the life of the grantor he takes proceedings in equity to annul such conveyance."

Sam E. Thompson filed the bill November 16, 1942, against J. Hiram Heartsill and Rebie Mae Heartsill, alleging in substance:

On January 2, 1940, complainant executed to respondents a deed to a parcel of lands, 35 acres, more or less, in Butler County, reserving a life estate in the grantor. The recited consideration in the granting clause of the deed was $1, "and the uniform kindness that has been extended me during my illness by J. Hiram Heartsill and his wife, Rebie Mae Heartsill, and the further agreement on the part of the said J. Hiram Heartsill and his wife, Rebie Mae Heartsill, to look after, care for and nurse me during the remainder of my life."

Following the habendum clause was this stipulation: "It is expressly understood that the grantor herein shall furnish his own food and clothing, but in all other particulars the grantees herein shall support, maintain, look after and care for the grantor during the remainder of his life."

The bill further averred: "that a material part of the consideration of said deed was the agreement of the grantees as hereinabove set forth to support this complainant during his life in the manner and as expressed in said deed."

A copy of the deed was made an exhibit to the bill.

The prayer for relief was: "That on the final hearing of this cause a decree be rendered annulling and setting aside as void said deed, a copy of which is hereto attached as Exhibit 'A'."

On July 19, 1943, on the suggestion of the death of complainant, and on motion, the court entered an order reviving the cause in the name of Minnie Thompson, executrix and sole legatee under the will of said Sam E. Thompson. Thereafter the bill was amended by adding: "Complainant further alleges that at the time of the execution of the deed from Sam E. Thompson to the respondents viz: the 2nd day of January, 1940, the said Sam E. Thompson was an old man passed 70 years of age. He was at that time a sufferer from arthritis and had become so enfeebled that he was unable to walk and was unable to feed himself. He was unable to dress or undress himself and was practically as helpless as a babe. The disease from which he was suffering caused him great suffering and had made such inroads upon his health as that he would probably remain an invalid, requiring constant care and attention during the remainder of his life.

"Because of the above stated condition of his health and in consideration of the agreement of the respondents to look after, care for and nurse him during the remainder of his life and to support and maintain him, the only stipulation on the part of the grantor being to furnish his own food and clothing, the said S. E. Thompson executed the deed, copy of which is attached as Exhibit 'A' to the original bill."

Questions raised by demurrer to the bill as amended, and here presented, are:

1. That the option or right of election given the grantor by the above-quoted statute is personal, to be exercised during his lifetime in the statutory manner; that the cause of action does not survive, and, therefore, the action was not subject to revivor under Equity Rule 35, Code 1940, Tit. 7 Appendix. This point was first raised by motion to vacate the order of revivor.

2. That the deed on its face, and under the averments of the bill, is not within the statute, supra.

3. That if within the statute, the bill is demurrable for want of an offer to do equity. This, because on its face, the deed discloses a part consideration was for past services rendered by the grantees, and the bill does not negative full performance on their part; and by reason of the reserva-

tion of a life estate, the grantees have received nothing, so far as appears from the bill.

The case presents questions of construction, and questions of procedure not heretofore considered by this court.

In Bush v. Greer, 235 Ala. 56, 177 So. 341, this court, passing upon the constitutionality of the statute, dealt quite clearly with the origin, occasion for, and objective of the statute, saying:

"The grantees in such a conveyance, therefore, accept the same with the limitations of the statute written into it, and with full knowledge of the rights of the grantor, and the consequent defeasible character of the instrument.

"The argument that such a statute destroys the right of contract is but a challenge to the power of the Legislature to enact a statute of this character. But it needs no extended discussion to disclose that such a statute comes well within the police power and is a proper exercise thereof.

"The books abound with cases where the aged, weak, or afflicted had, improvidently executed conveyances upon the promise of support. Johnson v. Chamblee, 202 Ala. 525, 81 So. 27; Russell v. Carver, 208 Ala. 219, 94 So. 128; Ballenger v. Ballenger, 208 Ala. 147, 94 So. 127; Morrow v. Morrow, 213 Ala. 131, 104 So. 393; Hunter v. Watters, 226 Ala. 175, 145 So. 472; 18 Corpus Juris 169.

"Frequently there was injustice and fraud, but often this was difficult of proof, and the grantor led into the transaction by the tempting promise of food and shelter. The lawmakers considered this a growing evil, and the statute was passed as declaratory of a public policy, and well within the police power of the state."

That case recognizes that the statute is a restriction on the power to contract, striking out to a degree the terms of a contract as agreed upon by the parties, and writing into it other terms of which the parties are bound to take notice. Such a statute is to be construed rather strictly so as to confine its operation to legislative purpose, but not so narrowly as to defeat such purpose.

Dealing with the questions raised seriatim, we observe:

1. The question of revivor of the action begun by the grantor in his lifetime, turns on whether the cause of action survived. Equity Rule 35, Title 7, Appendix, page 1080 of Code. The survival of the cause of action turns on the subject matter and nature of the action. Given a conveyance of realty within the terms of the statute, it declares such conveyance "is void at the option of the grantor * * * if, during the life of the grantor he takes proceedings in equity to annul such conveyance." Such a deed does pass to the grantee the title therein specified, which may include a present right of possession.

But such title is defeasible; the deed is subject to rescission at the option or election of the grantor exercised as per the statute. This option to reinvest himself with the title is a personal option with a time limit, namely, during his life. Such option is a property right in real estate. The proceeding in equity is to recover or reinvest him with the title, and may include recovery of possession. Taking the proceeding by him is the exercise of his option, the method prescribed by statute for declaring his election, exercising his option to avoid the deed. The primary issue to be litigated under such a bill is whether it discloses a deed within the terms of the statute, a deed subject to the statutory option to annul or rescind, and reinvest the grantor with the title, etc. We conclude such proceeding is a statutory real action to try title, or for recovery of the possession of lands, within the meaning of Title 7, § 151 of the Code, and, therefore, survives "in favor of heirs, devisees, or personal representatives," and subject to revivor under Equity Rule 35.

The case of Ex parte Liddon, 225 Ala. 683, 145 So. 144, dealt with a statutory contest of a will in equity after probate in the court of probate. That decision recognizes a distinction between that proceeding and one to determine property rights. It is not in conflict with our present holding, rather tends to support same.

2. The insistence that the bill is demurrable for failure to present a case within the terms of the statute is based upon the view that the deed, with averments of the bill relating thereto, does not disclose that a material part of the consideration was the agreement of the grantees to support the grantor during life.

Reverting to the terms of the deed, it will be noted that in the granting clause a part consideration was "to look after, care for, and nurse me during the remainder of

my life." The amendment to the bill disclosed conditions rendering these personal ministries a material part of the consideration. Were these services within the meaning of support as employed in the statute?

As held in Bush v. Greer, supra, the statute was directed to a class of deeds wherein the aged and feeble were often imposed upon. This purpose must be kept in mind in construing the general term "support."

By the further stipulation the grantor was to furnish "his own food and clothing, but in all other particulars" the grantees were to "support, maintain," etc.

This, standing alone, would require the grantees to provide shelter, a dwelling place, a home. But the same deed reserves a life estate in the lands conveyed, a right to retain possession. Both deed and bill are silent as to whether this land was occupied as his home, and was reserved for the purpose. So, it may be a question whether facts and circumstances may be proven showing an intent that the grantor should furnish his shelter as well as food and clothing. This question it is not necessary to decide, if the other obligations of the grantees stipulated in the deed constitute a material part of the consideration. In the light of the purpose of the statute, we are of opinion and hold the obligations of the grantees stipulated in the granting clause were part of the grantor's support, within the meaning of the statute; and the bill, as amended, sufficiently alleged these obligations were a material part of the consideration. Ballenger v. Ballenger, 208 Ala. 147, 94 So. 127; McKnight v. McKnight, 212 Mich. 318, 180 N.W. 437.

3. In dealing with the question of an offer to do equity, we proceed in accordance with above holding to the effect that the action instituted by the grantor in his lifetime survived, and the revived suit is a proceeding in equity under the statute.

■ The statute is sui generis. Given a deed upon the consideration stated, the option to avoid the deed becomes a matter of right, if exercised in the statutory manner. Scott v. Scott, 242 Ala. 361, 6 So.2d 476; Bush v. Greer, supra; Polauf v. Etzel, 237 Ala. 663, 188 So. 909. There are no strings to the option, no conditions precedent to relief. The courts are not authorized to incorporate any. A deed within the statute, an election to exercise the option to annul or rescind, shown by a proceeding in equity filed by the grantor while in life, are the sole matters entitling the grantor to a decree setting aside and annulling the deed, revesting the title in the grantor.

■ This is not to hold the grantee in such deed can have no rights, legal or equitable, growing out of the transaction upon the exercise of the grantor's option to reclaim the title. The statute does not forbid such deed. The title passes, as per its terms, and becomes absolute unless the option written into it by the statute be exercised as therein prescribed. This option obtains notwithstanding part consideration be cash in hand paid, notwithstanding the grantee has fully performed the obligation to support the grantor down to the date of suit filed, and notwithstanding there was no fraud or undue influence in its procurement. We would not accord to the lawmakers an intent to write a statute to prevent imposition on the grantor, but invite imposition on the grantee. The statute is the work of a Code Committee, a committee of lawyers.

The requirement that the option be exercised by a proceeding in a court of equity is significant. The grantor must go into a court, which, having acquired jurisdiction of the subject matter and the parties, proceeds on proper pleading and proof to do full justice between the parties as regards matters growing out of the transaction brought before the court.

■ What rights, legal or equitable, if any, exist in favor of these grantees, upon the grantor's exercise of his option, and whether litigable in the same proceeding, are questions not here involved. Their decision should await a record in which these issues are presented and fully considered. What we now hold is that whatever rights, if any, the grantees may have against the grantor, litigable in this suit, must be set up affirmatively by a cross-bill and that this statutory bill is not demurrable for want of an offer to do equity.

Affirmed.

GARDNER, C. J., and FOSTER and STAKELY, JJ., concur.