This is an appeal from a judgment voiding a deed which conveyed property from J.H. Entrekin to his two sons and their wives. We reverse.
On March 10, 1975, J.H. Entrekin, then 86 years old and unmarried, conveyed by deed 148 acres equally to his sons Basil and Preston and their respective wives, Estelle and Mary Lou. At the time the deed was executed, Preston, who had no knowledge of the deed, and his wife lived in Michigan and Basil and Estelle lived with J.H. on J.H.'s land.
In 1977, Basil had the land surveyed and deeds prepared to divide the 148 acres. The arrangement decided upon by him was for Preston to get 40 acres while Basil was to receive the remaining 108 acres. Preston refused to sign the deeds.
This suit was then instigated. The complaint, brought in J.H. Entrekin's name, named both Basil and Preston and their wives as defendants. The complaint sought to void the March, 1975, deed as well as to place a lien against the property in favor of Basil and his wife in the amount of $300 per month. Preston and his wife filed an answer and counterclaim in which they: (1) denied any agreement of support had been entered into as consideration for the deed; (2) asserted that Basil and his wife were not entitled to a lien upon the property; (3) sought an accounting from Basil and his wife; and (4) asked for a sale for division. Basil filed an answer to Preston's counterclaim denying these allegations.
The circuit court, sitting without a jury, entered a decree setting aside the deed. *Page 932 
The court also denied the lien and all of Preston's counterclaims. Following a motion for new trial, which was denied, Preston and his wife appealed.
The issue presented for our consideration is whether the 1975 deed from J.H. to his sons comes within the purview of Code 1975, § 8-9-12. That section provides:
 Any conveyance of realty wherein a material part of the consideration is the agreement of the grantee to support the grantor during life is void at option of the grantor, except as to bona fide purchasers for value, lienees and mortgagees without notice, if, during the life of the grantor, he takes proceedings to annul such conveyance.
It has been held that to fall within the operation of this statute, an agreement to support must be a material part of the consideration for the conveyance. Massey v. Massey, 246 Ala. 396, 20 So.2d 790 (1945).
Parol evidence is admissible to show that the actual consideration for the execution of the deed was the promise on the part of the grantee to support the grantor during his life.Walker v. Walker, 256 Ala. 195, 54 So.2d 295 (1951). However, for this parol evidence to work a complete change in the nature of the estate shown on the face of the deed it must be clear, satisfactory and convincing. Sawyer v. Nettles, 263 Ala. 220,82 So.2d 220 (1955); Scott v. McGill, 245 Ala. 256,16 So.2d 866 (1944).
We conclude that there is no direct evidence of a support agreement sufficient to satisfy the clear and convincing standard of proof. The deed from J.H. to his two sons and their wives is absolute on its face and makes no reference to a promise of support as consideration for the conveyance. The parol evidence offered in support of the alleged agreement also fails to meet this strict standard of proof. Although Basil testified that the consideration for the conveyance was "support," both he and Estelle contradicted this assertion when they unequivocally testified that neither promised to support J.H. in order to induce him to execute the deed. Preston, who did not learn of the deed until two years after it had been executed, also testified that he made no promise to support his father. The only statement made by Preston relating to support was made by him at his mother's funeral in 1970 and, as such, is too remote to be considered as an inducement to execute the deed.
Other evidence offered at trial negates the existence of the alleged support agreement. Basil collected rental payments from tenants on J.H.'s land and retained the proceeds from the sale of calves produced by J.H.'s cattle. These circumstances, considered in conjunction with the fact that J.H. paid Basil fifty dollars per month from his social security benefits is inconsistent with a support agreement, as is Basil's access to, and utilization of, J.H.'s financial reserves.
Furthermore, the testimony reveals that a purpose other than support may have motivated J.H. to convey the land. Both he and Basil knew that he would be ineligible for supplemental social security benefits as long as he retained ownership of his land. The inference that obtaining these benefits, and not a promise of support, motivated J.H. to convey his land is supported by the evidence that J.H. applied for these supplemental benefits soon after he executed the deed and by the testimony of Mr. Mansell, the attorney who drafted the deed, who stated that J.H. and Basil discussed these benefits when they came to his law office and asked him to draft the deed.
Based upon the foregoing, we find there to be no such convincing proof of an agreement to support the grantor during his life as to meet the burden of proof required under Code 1975, § 8-9-12. The judgment of the trial court setting aside the deed is hereby reversed.
REVERSED AND REMANDED.
TORBERT, C.J., and FAULKNER, JONES, ALMON and EMBRY, JJ., concur. *Page 933