The only issue on this appeal is whether the grantor was entitled to have a deed declared void pursuant to § 8-9-12, Ala. Code 1975. This section states in full:
 "Any conveyance of realty wherein a material part of the consideration is the agreement of the grantee to support the grantor during life is void at the option of the grantor, except as to bona fide purchasers for value, lienees and mortgagees without notice, if, during the life of the grantor, he takes proceedings to annul such conveyance."
Jennie Stewart, aged 84, conveyed to Harold and Linda Dickerson all of her interest in a parcel of land upon which was the house she had lived in for about thirty years. Linda Dickerson is her granddaughter, and Harold Dickerson is Linda's husband. Harold and Linda moved into the house in March 1981. About one year later, Jennie Stewart moved out.
Jennie Stewart filed this action to void the deed under §8-9-12, Ala. Code 1975. After an ore tenus hearing, the trial court found that the deed to Linda and Harold was not within the purview of the statute and refused the requested relief. Mrs. Stewart appeals from this final judgment. We reverse.
The only issue is whether there was clear, satisfactory, and convincing evidence that a material part of the consideration for the deed was the promise of the grantees to support Jennie Stewart for the rest of her life.
The deed was prepared by the granddaughter, Linda, and stated that the consideration was "One Dollar and other valuable considerations." "Parol evidence is admissible to show that the actual consideration for the execution of the deed was the promise on the part of the grantee[s] to support *Page 810 
the grantor during . . . [her] life." Entrekin v. Entrekin,388 So.2d 931 (Ala. 1980).
Harold and Linda Dickerson testified that, as consideration for the deed, they had promised Jennie Stewart that she could continue to live in the house for the rest of her life. They also promised to provide her with food, "warmth in the wintertime, and cool in the summer." Mrs. Stewart apparently did pay for some of the groceries on occasion. However, this fact does not remove the deed from the purview of the statute. See Heartsill v. Thompson, 245 Ala. 215, 16 So.2d 507 (1944). There was evidence that, prior to the execution of the deed, one of Mrs. Stewart's other granddaughters had been living in the house with her, but this granddaughter would be leaving to go to college. There was a consensus in the family that Mrs. Stewart should not live alone and that someone should be there to look after her. The Dickersons testified that they moved in to provide "good, stable — and proper assistance when she [Jennie Stewart] needed it." It is undisputed that no other consideration was given.
We hold that the evidence is clear, satisfactory, and convincing that the Dickersons' promises were tantamount to a promise to support Mrs. Stewart for the rest of her life in consideration for the deed. The Dickersons, by their own testimony, have stated as much. The agreement was contemplated and accepted by the parties prior to the execution of the deed and was undisputedly a material part of the consideration.
The statute was enacted to protect "the aged, weak, or afflicted [who] had improvidently executed conveyances upon the promise of support." Heartsill v. Thompson, 245 Ala. at 218,16 So.2d at 509, citing Bush v. Greer, 235 Ala. 56, 177 So. 341
(1937). Our holding today upholds this purpose. At the time the deed was executed, Mrs. Stewart was 84 years old. Her eyesight has deteriorated greatly, and she apparently can no longer live alone. In March 1982, she moved out of the house, and she has been living with her son and daughter-in-law since then. She no longer receives support from Harold and Linda Dickerson. These facts present the classic case which the statute was designed to prevent.
We hold that, under the undisputed facts, the trial court erred in holding that the case did not come within the purview of § 8-9-12, Ala. Code 1975. Accordingly, the judgment is reversed and the cause remanded.
REVERSED AND REMANDED.
MADDOX, JONES, SHORES, EMBRY and BEATTY, JJ., concur.