BEATTY, Justice.
This is an appeal by plaintiffs from an order dismissing their action for lack of prosecution. We reverse and remand.
Cora Brown, an elderly widow, is the mother of Betty Atwell and Catherine Tate. Mrs. Brown and her late husband owned a certain ten acres of land in Coffee County on which their home was located. On October 10, 1968, they executed a warranty deed of this land to Betty Atwell. Later, in 1978, in a lawsuit involving these parties over the validity of that deed, a judgment was entered holding the deed void and vesting in Cora Brown all right, title, and interest in the ten acres. While none of those circumstances is in issue in this appeal, they do aid in an understanding of later events.
On January 23, 1979, some three weeks after that judgment was rendered, Cora Brown, again by warranty deed, conveyed the same ten acres to Betty Atwell. This deed was duly recorded. In it, Mrs. Brown did not reserve any kind of life estate or other interest in the property, nor did it contain a recital of any special consideration to be passed to her.
Then, on September 25, 1979, Betty At-well and her husband, Paul Atwell, conveyed this same ten acres to Catherine Tate (Betty’s sister) and her husband. Like the preceding deed, this deed contained no reservations and recited no special consideration. The purchase of this land was facilitated by a title opinion from Alice L. Anderson, a lawyer in Enterprise.
About a year and a half later, Mrs. Brown and the Tates became involved in a dispute over the title to this property, which resulted in Mrs. Brown’s filing an action in ejectment against the Tates and the Atwells on February 4, 1981. The defendants answered with a general denial, and the Atwells filed a third-party complaint against Alice L. Anderson, alleging that if they were liable to Mrs. Brown their liability was due to a title opinion certified to them by Alice L. Anderson indicating that they held a fee simple title to the subject land free of any claims of Mrs. Brown, and they pleaded reliance upon that title opinion to their detriment. The At-wells demanded judgment against Anderson for all sums adjudged against them in favor of Cora Brown. The Tates filed a third-party complaint against Commonwealth Land Title Insurance Company, alleging that Commonwealth had issued *1325 them an owner’s title insurance policy, and demanded judgment for whatever sums might be adjudged against them in favor of Brown.
On March 31, 1981, plaintiff Brown addressed interrogatories to Betty Atwell. On April 14, 1981, Anderson moved to dismiss the third-party complaint against her.
Shortly thereafter, on April 20, 1981, the Atwells and the Tates moved for summary judgment, their motion being supported by certain exhibits, namely, the earlier judgment, the warranty deed from Brown to the Atwells, and the quitclaim deed from the Atwells to the Tates.
On April 23, 1981, Brown moved to compel answers to her interrogatories previously addressed to Betty Atwell. On April 29, 1981, defendant Atwell responded to that motion by asserting grounds as to why the motion should be denied. On that same day, plaintiff Brown moved for an extension of thirty days within which to file affidavits and pleadings to the defendants’ motion for summary judgment, alleging bad health, her absence from Alabama, the lack of response to her interrogatories, and the need for additional time in which to procure material affidavits. Additionally, Mrs. Brown filed an amendment to her complaint, as follows:
“Comes Cora M. Brown, through her attorney of record, and moves the Court to amend her complaint in this cause for the following reasons:
“1. That when Cora M. Brown transferred and conveyed the land herein to Betty Jean Tate Atwell, the said Betty Jean Tate Atwell was going to carry out the wishes of the parties as set forth in the testimony of these parties in Civil Action CV 78-110 in this Circuit Court. Betty Jean Tate Atwell represented unto Cora Brown that she was younger than she was and better able to look after the business concerning real estate than the said Cora Brown — that she would look after the sale of the real estate and buy herself, Cora Brown, and Betty Paye Tate a home more suitable to their needs than the property herein. Since it was the desire of Cora Brown, at her decease, to leave her property to her daughter Betty Jean Tate Atwell and to her granddaughter, Betty Faye Tate, the suggestion of Mrs. Atwell seemed reasonable and fair. Cora Brown had great and complete confidence in her youngest child, Betty Jean Tate Atwell, and implicitly believed in her promise to her as set forth herein. Upon reliance of this promise, Cora Brown conveyed to Betty Jean Tate Atwell the property herein. After Cora Brown transferred this land to Betty Jean Tate Atwell, Mrs. Atwell ran her off the property and completely failed to comply with and carry her promise to Cora Brown as herein set forth.
“Betty Jean Tate Atwell transferred this land to another daughter of Cora Brown, Catherine Tate. Catherine Tate and her husband, Floyd Tate, were supposed to let Cora Brown live on the property for her lifetime, and to help care for her needs. These parties also failed to keep their promise to Cora Brown and ran her off this property, hence the suit herein.”
On May 19, 1981, Betty Atwell filed her answers to the interrogatories.
On June 3, 1981, plaintiff Brown filed a response to the motion for summary judgment supported by affidavits and exhibits. The tenor of these documents alleged that the consideration for her deed to the At-wells was a promise that Cora Brown would be furnished care for her personal needs and a home for her remaining years, either the original homeplace or another one provided, as the Atwells and the Tates knew. The affidavits also tended to establish not only the failure of this consideration but harassment of Mrs. Brown by the Tates and the Atwells. An amendment to the complaint, adding Bernice Wilson (another daughter) as a plaintiff and alleging that Cora Brown and Bernice Wilson were “imprisoned, harassed, and physically restrained and detained” on or about June 27, 1980, was also filed on June 3,1981, together with a request to inspect the real property and inventory for personal property.
*1326 On July 9, 1981, the trial court notified the parties that all pending motions would be called and submitted on August 31, 1981, without oral argument, unless counsel appeared and desired argument.
On August 11, 1981, plaintiffs requested that the third-party defendant, Commonwealth, produce the opinions and abstracts of title made for the Tates to obtain the title insurance policy. And, on August 19, 1981, plaintiffs addressed interrogatories to Commonwealth.
On January 29, 1982, plaintiffs refiled the request to inspect the real property and “other motions.” On the same date, third-party defendant Anderson filed an amended motion to dismiss.
Then, on February 19, 1982, the trial court took the following actions: Anderson’s amended motion to dismiss was denied; the summary judgment motion of the Atwells and the Tates concerning the ejectment claim by Brown was granted; no judgment on “any unlawful imprisonment claim, if any, or any other claim, if any,” was rendered.
Thereafter, on March 15, 1982, plaintiff Brown filed a document labeled “An Amendment” (which from its allegations and character appears to be a Rule 59(e) motion), reciting the understanding of the parties that the consideration for the At-well deed was the care, maintenance, and support of plaintiff Brown; additionally this “Amendment” realleged the neglect, harassment, and abuse of plaintiff Brown. This document was followed by the filing on March 19, 1982, of plaintiff Brown’s motion to set aside the summary judgment on the ground that “plaintiff has a cause of equitable ejectment,” citing, inter alia, Heartsill v. Thompson, 245 Ala. 215, 16 So.2d 507 (1944). Also on this date, the defendants filed a motion to dismiss Brown’s “Amendment.” The trial court, on March 25, 1982, denied the defendants’ motion to dismiss, reading the amendment “as a claim to cancel a conveyance with incidental relief.” The trial court did, however, deny plaintiff Brown’s motion to vacate the summary judgment against her.
Apparently, no further action was taken by any party until May 17, 1983, when the Atwells and the Tates moved to dismiss the case for lack of prosecution. This motion was presented that day to a different circuit judge and granted on the same day, although plaintiffs’ motion to strike the motion to dismiss, filed on May 25, 1983, stated that it was not seen by plaintiffs’ attorney until May 19, 1983.
Later, on June 16, 1983, plaintiffs moved to set aside the judgment of dismissal. This motion was denied on June 20, 1983.
The issue before this Court is whether or not, based upon the record, the trial court abused its discretion in granting the motion to dismiss for want of prosecution. That is, was the trial court’s action supported by the evidence? State v. Horton, 373 So.2d 1096 (Ala.1979).
We have cataloged the activity in this cause to demonstrate its nature and the legal issues which remain unresolved. The myriad documents contained in the record on behalf of plaintiff Brown disclose an attempt to void, at her option, the conveyance by an elderly widow, based upon an agreement to support her for life. Such an action is specifically authorized by statute, Code of 1975, § 8-9-12, and was recognized by the trial court in this case. Without doubt, the record establishes very real questions of fact on that issue. Nevertheless, the trial court, without any hearing or any offer of a hearing, dismissed all causes of action, because the plaintiffs had not proceeded between March 25, 1982, and May 17, 1983. The record, however, shows more than a lapse of time of approximately fourteen months. It discloses a plaintiff who has been away from her home in Alabama, taken to Florida by another daughter, both ill at various times and unable to communicate with her Alabama lawyer, but with a continuing interest in retaining her home and personal belongings, as indicated in part by her unruled-upon motion for an inspection of the premises and an inventory of her personal property. Other material before the trial court suggests a continuing fear of physical harassment and a need for *1327 adequate personal protection. Given these circumstances, with overtones of family dispute, the lapse of fourteen months, standing alone, was insufficient upon which to dismiss the action. Cf. State v. Horton, supra (multiple grounds for dismissal included an almost five-year lapse between complaint and proceedings).
Accordingly, the judgment of dismissal of plaintiffs’ action is reversed, and this cause is remanded for further proceedings. It is so ordered.
REVERSED AND REMANDED.
MADDOX, JONES, SHORES and EM-BRY, JJ., concur.