This is an action to set aside a deed which allegedly had as its consideration the grantees' promise to support the grantors for the remainder of the grantors' lives. The trial court, after hearing evidence presented ore tenus, entered judgment for the grantors and set the deed aside.
Code 1975, § 8-9-12, provides:
 "Any conveyance of realty wherein a material part of the consideration is the agreement of the grantee to support the grantor during life is void at the option of the grantor, except as to bona fide purchasers for value, lienees and mortgagees without notice, if, during the life of the grantor, he takes proceedings to annul such conveyance."
On July 14, 1983, A.C. Carter and his wife Mittie O. Carter conveyed approximately 59 acres of land to certain of their children, Talmadge E. Carter, Cordie B.A. Carter, R.J. Carter, and Willodean Vaughn, and their grandaughter, Dorothy Ann West. Dorothy Ann West's mother is Norma *Page 1350 
C. Wilson, the grantors' oldest daughter. The grantors conveyed by warranty deed, reserving a life estate in themselves. The deed recited that the land was conveyed "for and in consideration of One and No/100 ($1.00) dollar and other good and valuable considerations."
Shortly prior to the filing of this suit, Dorothy Ann West conveyed her interest to her mother. The grantors' three sons signed a deed to reconvey the property to the grantors, but the daughters refused to join in the conveyance. The trial court set aside both the original deed and the deed from West to Wilson.
Vaughn and Wilson argue that the trial court erred in granting judgment for plaintiffs because the evidence was insufficient to support a finding that the deeds were due to be set aside. Parol evidence may be used to prove such an agreement as consideration so long as it does not contradict a written statement of the full consideration. Isenhower v.Finch, 278 Ala. 684, 180 So.2d 448 (1965); Grady v. Williams,260 Ala. 285, 70 So.2d 267 (1954); Dennis v. West, 248 Ala. 90,26 So.2d 263 (1946). The evidence must be clear, satisfactory, and convincing that such an agreement was a material part of the consideration for the deed. Stewart v. Dickerson,455 So.2d 809 (Ala. 1984); Entrekin v. Entrekin, 388 So.2d 931 (Ala. 1980); Cooper v. Cooper, 289 Ala. 263, 266 So.2d 871 (1972).
Vaughn and Wilson cite Entrekin, supra, as compelling a reversal in the instant case. In Entrekin, however, there was no credible evidence of a support agreement and much evidence to the contrary. We agree with Mr. and Mrs. Carter that this case is more analogous to Whatley v. Nelson, 267 Ala. 10,99 So.2d 208 (1957), and, we would add, to Stewart v. Dickerson,supra.
The following excerpts from A.C. Carter's testimony show that the evidence was sufficient to support the judgment:
"Q. Was the $1.00 paid to you?
"A. No, sir.
". . . .
 "Q. What were the other good and valuable considerations that were given for that deed?
 "A. They were to take care of us as long as we lived, supply us with whatever our needs would be.
". . . .
"Q. [W]as that the promise of all of them?
"A. Yeah.
 "Q. Okay. Was there anything other than that paid for this deed?
"A. No, sir."
On cross-examination, Mr. Carter's testimony included the following:
 "Q. Now, Mr. Carter, wasn't the purpose of making that deed so that if you or even Mrs. Carter had to go in the nursing home that all you would have would be a life estate in this property and the nursing home folks wouldn't come in to get it?
"A. That wasn't mentioned that I know of.
"Q. You all have never talked about that?
"A. No.
". . . .
"Q. [H]as Dorothy ever agreed to support you?
"A. Well, she has.
"Q. When was that?
"A. Well, several times. I don't remember.
 "Q. When was it in relation to when this deed was made?
"A. Before and after.
". . . .
 "Q. When did [Mrs. Vaughn and Mrs. Wilson] promise to support you in return for you making them this deed?
 "A. Well, that was discussed among the family sometime before the deed was made.
"Q. Okay.
 "A. And it was understood with all that they would support us and furnish our needs as long as we lived. *Page 1351 
 "Q. Okay. But at the time — Really these ladies here didn't even know this deed was being made; did they?
"A. Yeah, they knew it.
". . . .
 "Q. Let me ask you specifically, Mr. Carter. Did Mrs. Wilson ever say to you, `Daddy, if you will deed me that land, I will see after you and Mama the rest of your lives'?
"A. They all told me that.
 "Q. Did Mrs. Wilson ever tell you that, those specific words?
"A. Yes.
 "Q. Did Mrs. Vaughn ever say, `Daddy, if you will deed me that land, I will see after you the rest of your life'?
"A. They all told us that."
Vaughn and Wilson denied having made a promise to support the grantors, but this conflict in the evidence was resolved by the trial court and is due to be accorded the usual presumption of correctness where the trial court hears ore tenus evidence.Whatley v. Nelson, supra. Appellants also argue that the reservation in the deed of a life estate in the grantors precludes a finding that the property was given in consideration of an agreement to support. A reservation of a life estate is not necessarily inconsistent with such an agreement, and we do not find it to be inconsistent here. Loganv. Logan, 258 Ala. 317, 62 So.2d 918 (1953); Walker v. Walker,256 Ala. 195, 54 So.2d 281 (1951).
Vaughn and Wilson assert that the evidence showed that the grantors' attempt to cancel the deed does not arise from a failure of the promise to support. This was somewhat in dispute, but it is not even necessary for the grantor to prove fraud or a failure of the promise to support. McAdory v. Jones,260 Ala. 547, 71 So.2d 526 (1954); Webb v. Bank of Brewton,265 Ala. 568, 93 So.2d 154 (1957).
For the foregoing reasons, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, BEATTY and HOUSTON, JJ., concur.