The issue in this case is whether an elderly father, who executed a conveyance to his son and daughter-in-law, proved that a material part of the consideration for the conveyance was an agreement by the grantees to support him for the rest of his life, thereby entitling him to annul the conveyance as provided for in Ala. Code 1975, § 8-9-12.[1]
On January 19, 1989, Robert Tolver, then 73 years old, conveyed approximately 161 acres of real property to his son, D.C. Tolver, and his daughter-in-law, Bessie Tolver. The deed stated that the consideration was "one dollar and other good and valuable consideration." It is undisputed that the sales contract executed by the parties further defined the purchase price, as follows:
 "a. The buyer will pay off the existing FIRST MORTGAGE owed to FARM HOME ADMINISTRATION of approximately *Page 2 
$24,452.77, and make regular annual payments of $10,000.00 per year to Robert Tolver for the duration of said Robert Tolver's life."
Paragraph nine of the sales contract also stated that "buyer agrees that the Seller shall be allowed to live in the residence where he presently resides."
Simultaneously with the execution of the deed by the grantor, the grantees, D.C. and Bessie Tolver, executed a note and mortgage to SouthTrust Bank of Selma ("SouthTrust") to secure a loan for $38,000 the grantees used to purchase the property.
Less than three months after the conveyance was executed, Robert Tolver sued his son and his daughter-in-law to set aside the transaction, under the provisions of § 8-9-12. He also sued SouthTrust to set aside the mortgage executed by D.C. and Bessie to secure their loan from SouthTrust.
The trial court, after hearing ore tenus evidence held that the deed was within the purview of § 8-9-12 and entered a judgment in favor of Robert Tolver setting the conveyance and mortgage aside. D.C., Bessie, and SouthTrust appeal from this final judgment.
The trial court stated in the judgment appealed from:
 "[T]he evidence as a whole is clear, satisfactory and convincing that the Defendants D.C. Tolver and Bessie M. Tolver's promises 'to make regular annual payments of $10,000.00 per year to Robert Tolver for the duration of said Robert Tolver's life' and that 'Buyer agrees that the Seller shall be allowed to live in the residence where he presently resides' were tantamount to a promise to support Robert Tolver for the rest of his life in consideration for the deed. The Court is of the opinion that the agreement was contemplated and accepted by the parties prior to the execution of the deed and that considering the relative values of the properties involved in the transaction that the support promised by the Defendants was indisputably a material part of the consideration."
We are constrained to disagree with the learned trial judge. After reviewing the record in this case, and after reviewing the cases that have construed § 8-9-12, we hold that the facts here do not permit a finding that the conveyance was voidable by Robert Tolver pursuant to that statute.
Section 8-9-12 was originally enacted to cure the twin evils of injustice and fraud when the elderly and infirm are lured into executing conveyances upon promises of lifetime support.Bush v. Greer, 235 Ala. 56, 177 So. 341 (1937). Because the statute is a restriction on the power to contract, this Court has held that it is to be "construed rather strictly so as to confine its operation to legislative purpose, but not so narrowly as to defeat such purpose." Heartsill v. Thompson,245 Ala. 215, 218, 16 So.2d 507, 509 (1944).
In this case, Robert Tolver offered parol evidence to prove that a material part of the consideration for the deed was a promise of support for the rest of his life. In such a case, "[p]arol evidence may be used to prove such an agreement as consideration so long as it does not contradict a written statement of the full consideration," but such evidence "must be clear, satisfactory, and convincing that such an agreement was a material part of the consideration for the deed."Vaughn v. Carter, 488 So.2d 1348, 1350 (Ala. 1986), citingStewart v. Dickerson, 455 So.2d 809 (Ala. 1984), Entrekin v.Entrekin, 388 So.2d 931 (Ala. 1980), and Cooper v. Cooper,289 Ala. 263, 266 So.2d 871 (1972).
When the terms of an agreement specifically state that a part of the consideration is a promise to support, this Court usually finds that the transaction comes under § 8-9-12, and when such facts have been shown, this Court has allowed the grantor to revoke the transaction. See Heartsill, 245 Ala. 215,16 So.2d 507; Clyburn v. Toney, 245 Ala. 341, 17 So.2d 235
(1944).
In determining whether the trial court correctly construed the statute under the facts of this case, we first look to the written terms of the agreement. Here, neither the sales contract that was executed before the deed was executed, nor the deed that was subsequently executed, *Page 3 
specifically stated that a promise of support was a material part of the consideration for the conveyance. Furthermore, the record reveals that the consideration recited in the agreement was, in fact, paid. Not only did D.C. Tolver pay off the existing debt evidenced by the first mortgage that Robert Tolver had executed to secure an obligation to the Farmers Home Administration in the amount of $24,452.77, but he also paid off Robert Tolver's outstanding farm debts, which totalled $2,183.25, and at the time Robert Tolver filed suit, D.C. had paid $3,750 of the first $10,000 annual payment he had agreed to pay to Robert Tolver.
The trial court admitted parol evidence offered by Robert Tolver to support his contention that a material part of the consideration for the property transfer was an agreement by D.C. and Bessie to support him for life. Parol evidence is admissible to show that the actual consideration for the execution of the deed was the promise of support by the grantees, Entrekin v. Entrekin, 388 So.2d 931 (Ala. 1980);Sawyer v. Nettles, 263 Ala. 220, 82 So.2d 220 (1955), but the parol evidence must be clear and convincing — not "vague, uncertain . . . consisting principally of vague declarations."Sawyer, 263 Ala. at 222, 82 So.2d at 222.
This Court has held that the evidence is clear, satisfactory, and convincing that a promise to support served as consideration for the conveyance when it is undisputed that no other consideration was given and the parties themselves testify that the grantees promised to support the grantor for life. See Stewart, 455 So.2d 809; Vaughn v. Carter,488 So.2d 1348 (Ala. 1986). Those facts are not present in the present case. It was undisputed that D.C. paid $30,458 in consideration for the deed, and neither party testified specifically that the grantees promised to support the grantor for life. In fact, Robert Tolver himself testified that the transaction was not for support and that after the conveyance was executed, he continued to be responsible for paying for his own groceries, medicine, and electric and telephone bills. D.C. and Bessie specifically testified that at no time did they agree to support Robert Tolver:
 "Q [Attorney for D.C. and Bessie] Did you at any time, D.C., tell your father that you were going to buy his groceries for him?
"A [D.C. Tolver] No, sir, I never told him that.
 "Q Did you at any time tell him that you were going to buy gasoline for his truck?
"A No, sir, I didn't.
"Q Heating oil for his house?
"A No, sir.
"Q Buy his clothes?
"A No, sir, I didn't.
"Q Pay his drug bills?
"A No, sir, I didn't.
 "Q Did you at any time tell him you were going to keep him cool in the summer?
"A No, sir, I didn't.
"Q Keep him warm in the winter?
"A No, sir, I didn't."
Likewise, when Robert Tolver was asked if it was his duty to take care of all these responsibilities, he answered in the affirmative. The attorney present when the deed was signed testified similarly:
 "Q Now, during this time that D.C. Tolver and Robert Tolver were in your office, did either one of them mention that the purpose of this arrangement was to provide support for Robert Tolver?
 "A No, they were not to take and provide any support for Mr. Robert Tolver, [Tolver] said that he had some debts that D.C. was going to pay, and that was the reason he was buying the land was to take and pay the debts because Mr. Tolver, it was my understanding, was about to lose the property."
The testimony of Orbadella Matthews, a sister of D.C. Tolver, who accompanied Robert Tolver at the time the sales contract was signed, is the only evidence we find that was presented by Robert to prove that a promise of support was a material part of the consideration for the conveyance. Her testimony in pertinent part follows: *Page 4 
 "Q [Attorney] What did Mr. Tolver say to you? Did D.C. Tolver say to Robert Tolver that he would support him for life?
 "A [Orbadella Matthews] Yes, he did. Sir, it was a statement in that paper that they read to — the lady read to Daddy and D.C. to explain that there was a ten thousand dollar payment and then D.C. explained to Daddy saying that, Daddy, the ten thousand dollars will be to support you and take care of you, buying your medicine, and any other thing that happens at the house that you might need some money for, and he quoted to Daddy, say, and if this is not enough, he said, you get back in touch with me, and I'll give you some more money."
That testimony, however, is not inconsistent with the testimony of the parties that the grantees were to pay the grantor annual payments of $10,000, which the grantor could use for his support.
When the consideration recited is the payment of a sum of money, the "usual conservative rules of construction must apply." Hanners v. Hanners, 262 Ala. 143, 77 So.2d 484 (1955). In Hanners, the contract stated that the grantees were to pay the grantor "[t]wo hundred dollars each year for rent of the land as long as I . . . lives [sic]." The appellant in that case argued that a material part of the consideration was the promise to support the appellant-grantor. This Court sustained the demurrer to the bill, holding that the "[a]ppellant cannot turn a promise to pay money into a promise to support and maintain, merely because she intends to use the money for that purpose." Id. at 145, 77 So.2d at 486.
Robert Tolver makes the same contention here that was made inHanners, that the promise to pay $10,000 to him for the rest of his life amounts to a promise to support. Based upon this Court's reasoning in Hanners, we cannot agree with that contention.
We conclude that the parol evidence offered by Robert Tolver in support of his contention is insufficient to satisfy the clear and convincing standard of proof. The sales contract and deed from Robert Tolver to his son and his son's wife are absolute on their faces and make no reference to a promise of support as consideration for the conveyance. Although Orbadella testified that part of the consideration for the conveyance was support, Robert, D.C., and Bessie contradicted this assertion when they testified that there was no promise of support to induce Robert Tolver to execute the deed, and Orbadella's testimony, as we have pointed out, was not necessarily contradictory of the very terms of the agreement and was not clear and convincing.
Furthermore, our examination of the testimony shows that there was testimony that Robert Tolver himself initiated the transaction, and that it was Robert who initiated the conveyance because he sought to terminate his farming operations and extinguish his debts.
Based upon the foregoing, we find no clear and convincing evidence that a material part of the consideration for the deed was an agreement to support the grantor during his lifetime; therefore, we find that the grantor failed to meet the burden of proof imposed under § 8-9-12.
The judgment of the trial court setting aside the conveyance, the mortgage, and the security agreement is hereby reversed and the cause is remanded for further proceedings consistent with this opinion.
In view of our holding, we do not address SouthTrust's contention that it was a bona fide mortgagee without notice and therefore came within the exception contained in the statute.
89-1493 REVERSED AND REMANDED.
89-1494 REVERSED AND REMANDED.
HORNSBY, C.J., and SHORES, ADAMS, HOUSTON, STEAGALL and INGRAM, JJ., concur.
[1]1. Ala. Code 1975, § 8-9-12, provides:
 "Any conveyance of realty wherein a material part of the consideration is the agreement of the grantee to support the grantor during life is void at the option of the grantor, except as to bona fide purchasers for value, lienees and mortgagees without notice, if, during the life of the grantor, he takes proceedings to annul such conveyance." *Page 5