Ray Alexander ("Alexander") appeals from a judgment voiding, pursuant to *Page 1217 
§ 8-9-12, Ala. Code 1975, a conveyance of realty from Bertha Maurine Wade ("Mrs. Wade") and her now deceased husband, J.L. Wade, to Alexander and his now deceased wife, Betty Wade Alexander, as having been based upon a promise of support for life. We affirm in part, reverse in part, and remand.
J.L. Wade and Mrs. Wade were the parents of Betty Wade Alexander, Alexander's now deceased wife, and Mrs. Wade is therefore Alexander's former mother-in-law. In December 1993, Mrs. Wade filed this action in the Etowah County Circuit Court, seeking to void a deed to approximately 65 1/2 acres of land in Etowah County. The deed at issue was prepared by a Gadsden attorney, and was executed by Mrs. Wade and J.L. Wade on March 7, 1977. In pertinent part, the form deed provides as follows (emphasis added to indicate completion of blanks in the form):
 "This indenture, made the 7th day of March, 1977
between J. L. WADE AND WIFE, BERTHA MAURINE WADE, hereinafter referred to as the party of the first part, and RAY ALEXANDER AND WIFE, BETTY ALEXANDER, hereinafter referred to as the party of the second part.
 "WITNESSETH, That the party of the first part, in consideration of the sum of TEN AND NO/100 — DOLLARS and love and affection to us paid by party of the second part, the receipt whereof is hereby acknowledged, does hereby grant, bargain, sell and convey unto the said RAY ALEXANDER — and wife, BETTY ALEXANDER —, as joint tenants, with right of survivorship, the following described real estate, to wit [legal description omitted].
 "The GRANTORS reserve herein a life estate in both or either of said GRANTORS in the above described property."
In her complaint, Mrs. Wade contended that a material portion of the consideration for the conveyance of the real property described in the deed was the Alexanders' agreement to support the Wades during the Wades' lifetimes. Later, Mrs. Wade amended her complaint to seek damages from Alexander for his allegedly unlawful cutting of trees from the real property at issue and to seek repayment of a 1975 loan that Mrs. Wade allegedly had made to the Alexanders. Each party filed a motion for a summary judgment in his or her favor; however, the trial court did not rule upon those motions.
After an ore tenus proceeding in April 1995, the case remained under submission until June 1998, when the trial court entered a judgment wherein it concluded that "a material part of the consideration of the deed was the agreement of [Alexander] to support the grantors during their lives and, therefore, said conveyance is voidable at the option of a grantor" (emphasis added). The trial court declared the deed void and divested Alexander of all rights in the real property described therein; it denied all of the other relief sought by Mrs. Wade. Alexander's subsequent post-judgment motion was denied pursuant to Rule 59.1, Ala.R.Civ.P., 90 days after it was filed.
Alexander appealed to the Alabama Supreme Court. That court transferred his appeal to this court, pursuant to §12-2-7(6), Ala. Code 1975.
On appeal, Alexander raises three issues, one of which is an issue of first impression. In addition to challenging the trial court's admission of parol evidence concerning the consideration for the deed *Page 1218 
at issue, and questioning the sufficiency of the evidence to support the trial court's judgment, he contends that because J.L. Wade, Mrs. Wade's co-grantor, is deceased, and because he did not initiate proceedings pursuant to § 8-9-12, Ala. Code 1975, to void the deed during his lifetime, Mrs. Wade was legally unable to void the conveyance after his death.
Section 8-9-12, Ala. Code 1975, provides:
 "Any conveyance of realty wherein a material part of the consideration is the agreement of the grantee to support the grantor during life is void at the option of the grantor, except as to bona fide purchasers for value, lienees, and mortgagees without notice, if, during the life of the grantor, he takes proceedings to annul such conveyance."
This section first appeared in the 1923 Code, and has been interpreted by the appellate courts of this state on a number of occasions. Notably, in Heartsill v. Thompson, 245 Ala. 215,16 So.2d 507 (1944), the Alabama Supreme Court described the policy underlying this section as the prevention of injustices against the aged, weak, or afflicted, who frequently had been led into improvident conveyances by the promise of food and shelter. The grantees in a conveyance within the terms of § 8-9-12 "accept the same with the limitations of the statute written into it, and with full knowledge of the rights of the grantor, and the consequent defeasible character of the instrument." 245 Ala. at 218,16 So.2d at 509.[1] The Heartsill court further opined that §8-9-12 "is a restriction on the power to contract" and that it is "to be construed rather strictly so as to confine its operation to [the] legislative purpose, but not so narrowly as to defeat such purpose." Id.; accord, Tolver v. Tolver, 585 So.2d 1, 2 (Ala. 1991).
The trial court could properly have determined that the conveyance at issue was made in exchange for a promise of support. Testimony from several witnesses indicated (1) that both Alexander and his wife knew, at the time the deed was prepared and executed, that they were to care for the Wades if they grew old, and that if anything happened to J.L. or Mrs. Wade, it would be up to the Alexanders to care for the survivor; (2) that Alexander acknowledged this responsibility in the presence of the attorney who prepared the deed, by saying that the Wades "would always have him" and his wife to care for them; (3) that the attorney who prepared the deed had informed the Wades that the term "love and affection" meant the same thing as an agreement to take care of the Wades; (4) that the Alexanders had told their son that they had to take care of the Wades in order to receive the land described in the deed; and (5) that Alexander had, on occasion, done work on behalf of the Wades. While this testimony constitutes parol evidence of consideration, § 8-9-12 has been held to permit parol evidence of a promise to support a grantor "as long as that evidence does not contradict a written statement of the full consideration." Faulkner v. Walters, 661 So.2d 227,229 (Ala. 1995). Because the consideration stated in the deed was $10 plus love and affection, but the deed does not negate the existence of other consideration, the parol evidence of the Alexanders' agreement *Page 1219 
to support the Wades, and the survivor of them, was properly considered by the trial court in reaching its judgment.
Having determined that the trial court properly found a "material part" of the consideration for the Wades' conveyance to have been an agreement to support them during their lifetimes, we now consider whether the trial court properly canceled the deed.
The right to revoke a conveyance pursuant to § 8-9-12
has been held to be a personal right of the grantor. E.g.,Garthright v. Wilson, 261 Ala. 302, 305, 74 So.2d 440, 442
(1954). A grantor's option to reinvest himself or herself with the title to the property conveyed "is a personal option with a time limit, namely, during [the grantor's] life." Heartsill,245 Ala. at 218, 16 So.2d at 510. If that option is not exercised during the lifetime of the grantor, the right ceases to exist and cannot be invoked by his or her surviving spouse, heirs, or personal representative. See Lee v. Lee, 265 Ala. 226, 229,90 So.2d 775, 778 (1956) (surviving spouse without ownership rights could not void deceased husband's conveyance under provisions of §8-9-12 as previously codified); McAdory v. Jones, 260 Ala. 547,549, 71 So.2d 526, 527 (1954) (stating, in dicta, that a grantor's heirs could not void a conveyance under previously codified version of § 8-9-12 after the death of the grantor, although they might revive an action under that section brought before the grantor's death); Bobie v. Moss, 246 Ala. 559, 563,21 So.2d 680, 682 (1945) (executrix of grantor's estate could not amend action begun by grantor so as to add claim under provisions of § 8-9-12, as previously codified).
However, Mrs. Wade occupies the position of not only a surviving spouse, but also a co-grantor. Our research has disclosed only one case involving a co-grantor who has sought to void a joint conveyance after the death of another co-grantor. InFaulkner, supra, a wife who had joined her husband in conveying their homeplace to two grantees brought an action, after the death of her husband, to have a conveyance declared void as to her
pursuant to § 8-9-12, Ala. Code 1975, as having been based upon a promise of support, and as to her deceased husband based upon his alleged mental incompetence at the time of the conveyance. The trial court declared the conveyance void as to both grantors. The Alabama Supreme Court affirmed, concluding that the trial court correctly voided both the wife's conveyance, based upon § 8-9-12, and the husband's conveyance, based upon his incapacity to execute the deed. 661 So.2d at 229-30.
Faulkner, then, stands for the proposition that Mrs. Wade can void the conveyance as to her own interest in the property under § 8-9-12, but it does not constitute authority for voiding, pursuant to § 8-9-12, the conveyance as to J.L. Wade
after his death. It is therefore apparently a question of first impression whether a co-grantor may void, pursuant to § 8-9-12, a joint conveyance in its entirety after the death of another co-grantor.
Even though this precise question has not been definitively answered by the Alabama Supreme Court, we are not without guidance in this area. In McAdory, supra, the Alabama Supreme Court concluded that the enactment of § 8-9-12 was intended to supplant, with a simple remedy, the principles that had previously been applied on a case-by-case basis in equity cases to determine whether a grantor was entitled to rescind a conveyance wherein a grantee was alleged to have defaulted *Page 1220 
upon a covenant to support the grantor for life:
 "[T]he principle of those cases [predating § 8-9-12] was superseded by [§ 8-9-12]. In enacting [§ 8-9-12] the legislature was taking care of the grantor in a deed where a material part of the consideration was a promise to support him for life and under its terms it is immaterial whether that promise has been kept or not. There were two results, we think, which were fixed by that statute. One was that the grantor was given the privilege or option at any time during his life to have the deed vacated by taking proceedings in court, although there was no intent to defraud and although the grantee may have been performing his duty under his obligation to support. The other result fixed by the enactment was to confine that right to the grantor and limit it to his lifetime. That limitation is not confined by the statute to a situation where the grantee is complying with his covenant and entered into it without fraud, but the statute extended the limitation to a situation where the grantee entered into the obligation with the intent of defrauding the grantor and the grantee has refused to comply with his obligation, and also extended the limitation to all rights existing in that connection before it was enacted. The statute is all embracive, so that in any such situation the grantor has the privilege of instituting proceedings in court during his lifetime to annul the conveyance and that right is limited to him by the statute."
McAdory, 260 Ala. at 550, 71 So.2d at 528.
However, drawing upon the principles of equity that had existed before the enactment of the statute now codified as §8-9-12, the McAdory court determined that even had those principles survived the enactment of the statute, the heirs at law of a grantor would not have been entitled, after a grantor's death, to rescind the grantor's conveyance based upon a promise of personal support of the grantor:
 "[I]t has been held by this court, in accord with authority elsewhere and on sound principle, that the obligation on the part of the grantee to support the grantor is peculiarly personal to the grantor and if the grantor is satisfied, conclusively evidenced by his failure to take steps in equity to have the deed vacated, no one else during his life or after his death can do so for the failure to discharge such a peculiarly personal benefit."
260 Ala. at 550, 71 So.2d at 529 (emphasis added). Thus, even before the enactment of § 8-9-12, the common law of Alabama was that a grantor's failure to bring an action to vacate the deed during his or her lifetime would bar such an action after his death, on the basis that the grantor's satisfaction was conclusively presumed from his or her decision not to seek rescission.
It is well settled that "[a] statute in modification or derogation of the common law will not be presumed to alter it further than is expressly declared, and that a statute which is an innovation upon the common law will not be extended further than is required by the letter of the statute." Macon v. HuntsvilleUtils., 613 So.2d 318, 321 (Ala. 1992). In light of the personal nature of the former equitable right to rescind a conveyance based upon a promise to support the grantor for life, and in light of our duty to construe § 8-9-12 "rather strictly so as to confine its operation to [the] legislative purpose, but not so narrowly as to defeat such purpose" (Heartsill, 245 Ala. at 218, 16 So.2d at 509). *Page 1221 
we conclude that under § 8-9-12, Mrs. Wade had the power to void the conveyance to the Alexanders of her interest in the described real property. Conversely, we conclude that Mrs. Wade had no power under § 8-9-12 to void J.L. Wade's conveyance to the Alexanders of his interest in the described real property, and that the trial court erred in concluding that the deed was wholly voidable under that statute at the election of "a grantor."
However, this conclusion does not wholly resolve the issue whether J.L. Wade's conveyance should be canceled. AsFaulkner indicates, a co-grantor may utilize other recognized equitable grounds for cancellation of instruments in order to void a conveyance as to a deceased co-grantor. Mrs. Wade asserts that J.L. Wade's conveyance of his interest in the real property at issue to the Alexanders was properly declared void on the basis of a failure of consideration because, she says, Alexander breached his promise to support her after J.L. Wade's death. Although the parties presented some evidence pertaining to this issue, neither the trial court's comments during the ore tenus proceeding nor its judgment indicates that this ground for relief was addressed.
In cases involving conveyances made before the effective date of the statutory provisions now codified at § 8-9-12, the Alabama Supreme Court applied the rule that "either for fraud in the procurement of the conveyance, or for a failure to comply with its terms and conditions, either precedent or subsequent, a conveyance, founded upon love and affection, support, and maintenance, etc., may be annulled for a breach thereof." Morrowv. Morrow, 213 Ala. 131, 132, 104 So. 393, 393 (1925). Of course,McAdory holds that this preexisting equitable remedy of cancellation is not available where a material part of the consideration was a promise to support the grantor for life, as that equitable remedy has been replaced with the absolute statutory right to cancel the conveyance without proof of fraud or failure of consideration. However, a proceeding properly brought under § 8-9-12 involves only the grantor and the grantee, not the rights of third parties (such as, in this instance, Mrs. Wade).Polauf v. Etzel, 237 Ala. 663, 664, 188 So. 909, 909 (1939).
As to J.L. Wade's conveyance of his interest in the real property, there is evidence in the record from which the trial court could conclude that Mrs. Wade was an intended third-party beneficiary of an agreement on the part of the Alexanders to support her after J.L. Wade's death. "When a stipulation for the benefit of a third person is inserted in a contract . . . and this forms a part of the consideration of the contract, the promise inures to his benefit, if he elects to accept it; and he may manifest his acceptance, by resorting to any appropriate remedy,legal or equitable, for its enforcement." Planters' Warehouse Comm'n Co. v. Barnes, 229 Ala. 572, 576, 159 So. 63, 66 (1934) (emphasis added). Indeed, other jurisdictions have allowed surviving intended beneficiaries to seek equitable relief from conveyances made by deceased grantors where the pertinent grantee has failed to comply with an agreement to support them. Houstonv. Greiner, 73 Or. 304, 308, 144 P. 133, 134 (1914); Green v.Whitney, 215 Ark. 257, 263-64, 220 S.W.2d 119, 122 (1949). Therefore, we agree with Mrs. Wade that she is entitled to rely upon the ground of failure of consideration as a basis for affirming the trial court's cancellation of the deed as it applies to J.L. Wade's conveyance. However, because it *Page 1222 
is not clear that the trial court has considered this specific issue, we deem it prudent to leave that issue for the trial court to decide on remand.
The trial court correctly concluded that Mrs. Wade was entitled to void the deed conveying her interest in the subject real property pursuant to § 8-9-12, and we affirm the judgment to that extent. However, the trial court erred in determining that Mrs. Wade was entitled under § 8-9-12 to void the conveyance with respect to J.L. Wade's interest, and we reverse that portion of the judgment. The cause is remanded for the trial court to address the issue whether J.L. Wade's conveyance should be declared void based upon the ground of failure of consideration.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
Yates, Monroe, and Crawley, JJ., concur.
Thompson, J., concurs in the result.
[1] Of course, while § 8-9-12 refers to "grantor" and "grantee" in the singular, "[t]he singular includes the plural, and the plural the singular." Section 1-1-2, Ala. Code 1975. Thus, there is no grammatical impediment to the application of this section to the conveyance at issue, which was made by two grantors to two grantees.